John R. HOLLENBECK, et al., Plaintiffs,

v.

BURROUGHS CORPORATION, Defendant.

Civ. No. 87–CV–71768–DT.

United States District Court, E.D. Michigan, S.D.

July 15, 1987.

Donald Howard, Sterling Hts, Mich., for plaintiffs.

Rich Pacynski, Detroit, Mich., for defendant.

ORDER

COHN, District Judge.

I.

This case was filed in Wayne County Circuit Court on August 6, 1986 and removed to this Court on May 6, 1987, pursuant to 28 U.S.C. § 1446(b). Plaintiffs claim, *inter alia,* that defendant discriminated against them on the basis of age by forcing them into early retirement, in violation of Michigan's Elliott-Larsen Civil Rights Act, M.C.L. 37.2101 *et seq.* The complaint includes no federal claims on its face. Defendant removed on the basis that plaintiffs' claims, if successful, would require a calculation of benefits under a pension plan, a matter allegedly preempted by the Employee Retirement Income Security Act (ERISA), 29 U.S.C. § 1001 *et seq.* Defendants rely on *Metropolitan Life Insur-*

*ance Company v. Taylor,* —— U.S. ——, 107 S.Ct. 1542, 95 L.Ed.2d 55 (1987), arguing that the Supreme Court's decision was the first time it could be "ascertained that the case is or has become removable." 28 U.S.C. § 1446(b).

On June 11, the Court issued an Order to Show why the case should not be remanded for improvident removal. A hearing was held on the order on July 13. For the reasons below, and as stated on the record of the hearing, the case is REMANDED.

II.

A.

The burden of proof is on the removing party to establish both jurisdictional grounds for removal and satisfaction of the time requirements of section 1446(b). *See Jones v. General Tire & Rubber Co.,* 541 F.2d 660 (7th Cir.1976); *Thornton v. Allstate Ins. Co.,* 492 F.Supp. 645 (E.D. Mich.1980). Section 1446(b) allows removal "within thirty days after receipt by the defendant … of a copy of an *amended pleading, motion, order or other paper"* supporting removal. This requirement conditions removability on voluntary actions of a plaintiff, rather than factors beyond a plaintiff's control. *See, e.g., Great Northern R. Co. v. Alexander,* 246 U.S. 276, 38 S.Ct. 237, 62 L.Ed. 713 (1918).

Defendants admit that no case supports their argument that a decision of a court can make a case removable. Since the right to remove is defined by statute, the absence of case authority cannot support defendants' position, which is contrary to the limited language of the statute.

B.

Further, in construing *Taylor* as they do, defendants paint with too broad a brush and would obliterate state court jurisdiction over state claims in any case in which retirement benefits might conceivably become a relevant portion of the measure of damages. In *Caterpillar Inc. v. Williams,* —— U.S. ——, 107 S.Ct. 2425, 96 L.Ed.2d 318 (1987), the Supreme Court re-

jected such a broad interpretation of preemption and removability under section 301 of the Labor Management Relations Act of 1947 (LMRA), 29 U.S.C. § 185. Since the *Taylor* Court noted that section 301 of the LMRA "closely parallels" ERISA, the same rules apply here. As Justice Brennan wrote for a unanimous Court in *Williams:*

> But the presence of a federal question ... in a defensive argument does not overcome the paramount policies embodied in the well-pleaded complaint rule— that the plaintiff is the master of the complaint, that a federal question must appear on the face of the complaint, and that the plaintiff may, by eschewing claims based on federal law, choose to have the cause heard in state court.... [A] *defendant* cannot, merely by injecting a federal question into an action that asserts what is plainly a state-law claim, transform the action into one arising under federal law, thereby selecting the forum in which the claim shall be litigated. If a defendant could do so, the plaintiff would be master of nothing.

—— U.S. at ——, 107 S.Ct. at 2433. Accordingly, the mere invocation of a right to retirement benefits as a possible measure of damages is not properly regarded as a federal claim under ERISA. As such, the case was improvidently removed.

SO ORDERED.