Tommy CAMPOS, Plaintiff,

v.

HOUSLAND, INC. d/b/a The Houstonian, Inc., Defendant.

Civ. A. No. H–93–0265.

United States District Court, S.D. Texas, Houston Division.

June 2, 1993.

After the state suit was filed defendant deposed plaintiff. Based on plaintiff's deposition testimony and the testimony of one of defendant's employees, Joe Russo, defendant removed the case on January 29, 1993, on the grounds that "the Plaintiff is making a claim or claims in its [sic] Petition that are related to an employee welfare benefit plan." (Notice of Removal, page 1) Defendant alleged that the only claim alleged in plaintiff's petition—his statutory claim for retaliatory discharge—was invalid because it was not supported by the facts developed during discovery. Since the claim that plaintiff had alleged was invalid, and since the only other available claims, which plaintiff had not alleged, but arguably could allege, were preempted by ERISA, defendant contended that the action was removable under 28 U.S.C. § 1441. Having carefully considered the arguments of the parties, the court concludes that this case was wrongfully removed.

■ 28 U.S.C. § 1445(c) states that "[a] civil action in any State court arising under the workmen's compensation laws of such State may not be removed to any district court of the United States." An action under article 8307c arises under the workers' compensation laws of Texas for purposes of § 1445(c). *Jones v. Roadway Express, Inc.,* 931 F.2d 1086, 1091–1092 (5th Cir.), *petition for reh'g denied,* 936 F.2d 789 (5th Cir.1991). Removability is to be determined by looking at the complaint as it existed when the petition for removal was filed. *Franchise Tax Board of California v. Construction Laborers Vacation Trust,* 463 U.S. 1, 9–10, 103 S.Ct. 2841, 2846, 77 L.Ed.2d 420 (1983). Plaintiff has always and only alleged a cause of action under article 8307c,[1] and his right to relief under article 8307c does not require the resolution of any substantial question of federal law. If defendant believed that plaintiff had no cause of action under article 8307c, its remedy was to file a motion for summary judgment in state court; not to remove the case to federal court on the basis

Donna Roth, Houston, TX, for plaintiff.

David D. Schein, Houston, TX, for defendant.

## AMENDED MEMORANDUM OPINION

LAKE, District Judge.

Pending before the court is Plaintiff's Motion to Remand and Motion for Costs (Docket Entry No. 4). This action commenced on January 18, 1991, when plaintiff, Tommy Campos, sued defendant, Housland, Inc. d/b/a The Houstonian, Inc., in the 151st Judicial District Court of Harris County, Texas. In his Original Petition plaintiff alleged that while employed by defendant he injured his back and filed a claim under the Texas Workers Compensation Act. After plaintiff filed his Workers Compensation claim defendant's employees allegedly harassed and wrongfully discharged him. Plaintiff alleged that these facts stated a cause of action under article 8307c of the Texas Workers Compensation Act.

1. Although the deposition excerpts on which defendant relies to argue ERISA preemption show that plaintiff may *also* have claims that he *could* have brought that would be preempted by ERISA, plaintiff's deposition shows that he has steadfastly maintained that the only cause of action that he *has* brought against defendant is his state law claim under article 8307c.

that ERISA preempted claims that plaintiff had never alleged in state court. Defendant's removal was without justification because § 1445(c) expressly barred removal of plaintiff's state court action.

■ Remand is also required because defendant did not remove this action within 30 days from the filing of plaintiff's original state court petition as mandated by 28 U.S.C. § 1446(b). Defendant argues that the 30-day removal clock did not begin to run until defendant's counsel received a transcript of plaintiff's deposition. The second full paragraph of § 1446(b) provides that if the case as stated in the plaintiff's initial pleading is not removable, a notice of removal may be filed "within thirty days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable, . . . ."

Although a few district courts in other circuits have held that the deposition of a plaintiff may constitute an "other paper" as that term is used in 28 U.S.C. § 1446(b), *see, e.g., Riggs v. Continental Baking Co.*, 678 F.Supp. 236, 238 (N.D.Cal.1988), this court declines to follow those decisions because they are inconsistent with the Fifth Circuit's holding that a case that was not removable at the time of the plaintiff's initial pleading may only become removable under 28 U.S.C. § 1446(b) "pursuant to a voluntary act of the plaintiff. . . ." *Weems v. Louis Dreyfus Corp.*, 380 F.2d 545, 547 (5th Cir.1967). *See generally Canova v. C.R.C. Inc.*, 602 F.Supp. 817 (M.D.La.1985) (discussion of the voluntary/involuntary rule in the Fifth Circuit).[2] The parties have not cited, and the court has not found, any decisions by courts in the Fifth Circuit that have held that discovery against a plaintiff may constitute an "other paper" under § 1446(b). *See also Fillmore v. Bank of America, N.T. & S.A., et al.*, 1991

U.S.Dist. LEXIS 6640 at 9 (N.D.Cal.1991) (questioning other lower courts who view depositions as "other papers").

Under the *Weems* analysis Campos' deposition was not a voluntary act. *See DeBry v. Transamerica Corp.*, 601 F.2d 480, 488 (10th Cir.1979) (deposition does not start removal clock because it was not voluntary, and was reluctant and evasive). *See also Karambelas v. Hughes Aircraft Co.*, 992 F.2d 971 (9th Cir.1993) (removal not justified based on deposition testimony of plaintiff about other possible reason for his discharge that could be actionable under ERISA). The result required by *Weems* prevents the mischief that would follow in this case from application of a contrary rule. Were defendant's construction of § 1446(b) correct, a plaintiff such as Mr. Campos would be faced with a Hobson's choice during his deposition. He could either deny the existence of other potential claims, which for a number of proper motives he had not yet determined to pursue, and thereby run the risk of being impeached or judicially estopped by his deposition if he later decided to pursue those claims, or he could admit the existence of such potential claims, and if they were federal claims, run the risk of losing the state forum of his choice. The *Weems* voluntary/involuntary rule does not impose this unfair choice on a plaintiff.

■ Furthermore, defendant's removal was untimely even under those cases that do include the deposition of a plaintiff within the definition of an "other paper" in § 1446(b). A removal sought to be justified on this basis must be filed within 30 days of that deposition, for it is then, not upon receipt of the deposition transcript, that the defendant learns of its ostensible right to remove. *See Riggs v. Continental Baking Co.*, 678 F.Supp. 236, 238 (W.D.Cal.1988); *Fillmore*, 1991 U.S.Dist. LEXIS 6640 at 7.[3] It is undisputed that the deposition of plaintiff that

---

**2.** Even under those authorities that would include discovery against a plaintiff within the definition of an "other paper" under 28 U.S.C. § 1446, the deposition of Joe Russo, an employee of defendant for whom plaintiff had no responsibility, cannot constitute an "other paper" for which the plaintiff should be responsible.

**3.** This analysis is consistent with the purpose of this amendment to § 1446(b), which "is to commence the running of the thirty-day period once the defendant receives actual notice that the case has become removable, . . . ." 14 A Wright, Miller & Cooper, Federal Practice and Procedure § 3732 (2d ed. 1985), § 3732 at 520.

defendant argues is an "other paper" under § 1446(b) occurred on December 9, 1992. Defendant therefore had until January 8, 1993, to remove the case. Because defendant's Notice of Removal was not filed until January 29, 1993, it was not timely even if the plaintiff's deposition started the removal clock.

A district court may require payment of "just costs and any actual expenses, including attorney fees, incurred as a result of the removal." 28 U.S.C. § 1447(c). Before the 1988 amendment to the statute a finding that "the case was removed improvidently and without jurisdiction" was a prerequisite to an award of "just costs." Even under that stricter standard it was not necessary to find bad faith by the party who removed the case to award costs. *See News–Texan, Inc. v. City of Garland, Texas,* 814 F.2d 216, 220 (5th Cir.1987). Under the 1988 amendment to § 1447(c), a district court has "a great deal of discretion and flexibility … in fashioning awards of costs and fees." *Morgan Guaranty Trust Co. v. Republic of Palau,* 971 F.2d 917, 924 (2d Cir.1992).

An award of costs and expenses to plaintiff is justified in this case. Defendant's argument that the deposition of a plaintiff may constitute an "other paper" under 28 U.S.C. § 1446(b) can be viewed as a good-faith argument for the extension of existing law given the absence of any contrary authority in this circuit. However, in light of the Fifth Circuit's pronouncement in *Weems* that an action may only become removable under § 1446(b) pursuant to a voluntary act of the plaintiff, and because defendant's removal was untimely even under authorities that do include the deposition of a plaintiff within the definition of an "other paper" in § 1446(b), removal was not reasonably justified. Accordingly, the court will award plaintiff his costs and expenses, including attorney's fees, incurred as a result of this removal and will remand the case to state court.