**SUNBURST BANK, Plaintiff,**

v.

**SUMMIT ACCEPTANCE CORPORATION, Defendant.**

**Civ. A. No. 3:94–cv–374WS.**

United States District Court, S.D. Mississippi, Jackson Division.

March 9, 1995.

Marc E. Brand, Jackson, MS, for plaintiff.

Thomas L. Kirkland, Jr., William Thomas Wilkins, IV, Jackson, MS, for defendant.

## MEMORANDUM OPINION AND ORDER

WINGATE, District Judge.

Before the court is the motion of plaintiff Sunburst Bank pursuant to 28 U.S.C. § 1447[1] asking this court to remand this lawsuit to the Mississippi state court where it originated. Defendant Summit Acceptance Corporation removed this lawsuit from state court to this federal forum pursuant to 28 U.S.C. §§ 1441(a)[2] and 1332,[3] alleging diversity of citizenship and the requisite amount in controversy. The parties here are of diverse citizenship, a point contested by neither party. What is in dispute, however, is whether the amount in controversy requirement has been satisfied. More specifically, the cardinal question is whether this court should construe the $50,000–plus jurisdictional prerequisite satisfied under the "other paper" provision of 28 U.S.C. § 1446(b) where plaintiff's complaint seeks to recover only $13,102.30, but where in a demand letter to defendant plaintiff stated that the total amount of claims currently pending is approximately $52,000.00. Persuaded that the circumstances here do not meet the prerequisites of § 1446(b), this court grants plaintiff's motion to remand.

### FACTS

This action was commenced by the plaintiff, Sunburst Bank ("Sunburst"), on January 4, 1994, with the filing of its complaint in the County Court for the First Judicial District of Hinds County, Mississippi. In its complaint, plaintiff seeks to recover $13,102.30 plus attorney fees and court costs from Summit Acceptance Corporation ("Summit") for an alleged breach of contract. The plaintiff attached to the complaint a copy of the contract that it alleges was entered into between itself and Summit.

Plaintiff is a banking institution organized and existing under the laws of the State of Mississippi. Summit was incorporated and has its principal place of business in Texas. So, since the parties are of diverse citizenship, if the requisite jurisdictional amount is present, this court would have proper jurisdiction over this dispute under 28 U.S.C. § 1332.

According to Sunburst, on or about April 3, 1989, Sunburst's office in Jackson, Mississippi, entered into a Contract ("Contract") with Summit wherein Sunburst agreed to purchase certain Consumer Auto Security Agreements ("Security Agreements") via assignment. Under this Contract, Sunburst purchased three Security Agreements. These Security Agreements, secured by automobiles, were with Jackie R. O'Neal, Juan F. Ortega, and Claude Gragg, Jr. All three Security Agreements went into a default status. After repossession of the vehicles acting as security for the loans, Sunburst says it realized a loss of $9,007.02, $2,339.93, and $1,775.35 respectively, not including attorney fees and court costs subsequently incurred.

1. Title 28 U.S.C. § 1447 provides in pertinent part:

   (c) A motion to remand the case on the basis of any defect in removal procedure must be made within 30 days after the filing of the notice of removal under section 1446(a). If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded. An order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal. A certified copy of the order of remand shall be mailed by the clerk to the clerk of the State court. The State court may thereupon proceed with such case.

2. Section 1441(a) states:

   (a) Except as otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending. For purposes of removal under this chapter, the citizenship of defendants sued under fictitious names shall be disregarded.

3. Title 28 U.S.C. § 1332 provides in pertinent part:

   (a) The district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $50,000, exclusive of interest and costs, and is between—
   (1) citizens of different States; ...

According to Sunburst, in the Contract Summit agreed to purchase an insurance policy to protect Sunburst in the event of a default under these Security Agreements. Sunburst says Summit obtained the policy but coverage under the policy was rendered ineffective due to the insolvency of one of the underwriting insurers. As a result of this development, says Sunburst, pursuant to the express terms of the Contract, Summit is obligated to repurchase the Security Agreements from Sunburst because the entire consumer loan was not insured by the policy in the event of default.

After service was had on the defendant and local counsel was retained to defend this case, the parties undertook to negotiate a settlement of this case. During this time, Sunburst says it discovered that its Louisiana operations had entered into a totally separate contract ("Louisiana Contract") with the defendant on a different date, with different terms, different conditions, and different obligations in the event of a default. According to Sunburst, this Louisiana Contract had resulted in losses of approximately $39,000.00. During the time these facts came to Sunburst's attention, Sunburst says the defendant tendered and offered to settle any and all claims, past and future, from any and all sources whatsoever, for the sum of $10,000.00. Sunburst says that its response to the defendant's offer contemplated defendant's total exposure from both the Mississippi Contract ($13,000) and Louisiana Contract ($39,000) to be approximately $52,-000.00. By letter dated June 10, 1994, plaintiff notified Summit that "the total amount of claims currently pending is approximately $52,000.00." After receiving this letter, Summit removed this cause to this federal court on June 23, 1994, alleging that the § 1332 prongs of diversity of citizenship and jurisdictional amount in controversy had both been satisfied.

### ANALYSIS

Pursuant to 28 U.S.C. § 1332, federal district courts "have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $50,000.00 exclusive of interest and costs, and is between—

(1) citizens of different states...." There is no dispute that both the citizenship and "amount in controversy" requirements must be met in order to invoke the court's jurisdiction in this matter. *Chapman v. Powermatic, Inc.*, 969 F.2d 160, 161 (5th Cir.1992); *J.A. Olson Co. v. City of Winona*, 818 F.2d 401 (5th Cir.1987).

In the case presently before the court, the parties, Sunburst and Summit, are citizens of different states and have their principal places of business in different states. Both Sunburst and Summit are corporations. "A corporation shall be deemed to be a citizen of any State by which it has been incorporated and of the State where it has its principal place of business...." 28 U.S.C. § 1332. Sunburst is a banking institution incorporated in and with its principal place of business in Mississippi. Summit is incorporated in and has its principal place of business in Texas. Thus, the parties are of diverse citizenship. This has not been disputed by the plaintiff.

What is in dispute here is the amount in controversy and whether the defendant properly removed this case from state court to this federal court under 28 U.S.C. § 1446(b), that is, whether plaintiff's demand letter to defendant of June 10, 1994, wherein plaintiff sought $52,000.00 in settlement constitutes under § 1446(b) a "paper from which it may first be ascertained that the case is one which is or has become removable...."

Section 1446(b) states as follows:

The notice of removal of a civil action or proceeding shall be filed within thirty days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based, or within thirty days after the service of summons upon the defendant if such initial pleading has then been filed in court and is not required to be served on the defendant, whichever period is shorter.

If the case stated by the initial pleading is not removable, a notice of removal may be filed within thirty days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it

may first be ascertained that the case is one which is or has become removable, except that a case may not be removed on the basis of jurisdiction conferred by section 1332 of this title more than 1 year after commencement of the action.

The burden here of establishing that federal jurisdiction exists, i.e., that the plaintiff's demand letter satisfies § 1446(b) relative to the jurisdictional amount is on the removing party, the defendant. *Gaitor v. Peninsular & Occidental Steamship Co.,* 287 F.2d 252, 253–54 (5th Cir.1961); *B., Inc. v. Miller Brewing Co.,* 663 F.2d 545, 549 (5th Cir.1981); *Asociacion Nacional de Pescadores v. Dow Quimica de Columbia,* 988 F.2d 559, 563 (5th Cir. 1993); *Dodson v. Spiliada Maritime Corp.,* 951 F.2d 40, 42 (5th Cir.1992).

Many courts that have considered the "other paper" provision of § 1446(b) apply its prescriptions only to papers "filed in the case." *See Phillips v. Allstate Ins. Co.,* 702 F.Supp. 1466, 1468–69 (C.D.Ca.1989) (holding that "paper" does not include intervening statutory or case law changes); *Hollenbeck v. Burroughs Corp.,* 664 F.Supp. 280 (E.D.Mich.1987) (holding that Supreme Court's decision in a different case did not constitute "other paper" and the instant case could not be removed on the basis of that decision); *Johansen v. Employee Benefit Claims, Inc.,* 668 F.Supp. 1294, 1296–97 (D.Minn.1987) (stating that the phrase "or other paper" refers solely to documents generated within the state court litigation itself); *Avco Corporation v. Local 1010 of the International Union (UAW AFL–CIO),* 287 F.Supp. 132 (D.Conn.1968) (Supreme Court holding making LMRA preempted cases removable was not "other paper"); *Johnson v. Trans World Airlines, Inc.,* 660 F.Supp. 914 (C.D.Cal.1987) (Supreme Court decision allowing removal of ERISA preempted cases was not "other paper"). *See Kocaj v. Chrysler Corp.,* 794 F.Supp. 234, 237 (E.D.Mich. 1992) (stating that "the term 'other paper' means a paper in the state court action that does not constitute 'an amended pleading, motion or order' ... such 'other paper' could, for example, be a plaintiff's response to a summary judgment motion, answers to interrogatories, or statements of a plaintiff."); *Fisher v. United Airlines, Inc.,* 218 F.Supp.

223 (S.D.N.Y.1963) (answer given on the deposition was a "paper" within the meaning of § 1446(b) from which removability could first be ascertained); *Gilardi v. Atchison, T. & S.F.R. Co.,* 189 F.Supp. 82 (N.D.Ill.1960) (defendant's discovery proceedings of plaintiff was a sufficient "other paper" within the meaning of § 1446(b)); *Fuqua v. Gulf, C. & S.F.R. Co.,* 206 F.Supp. 814 (E.D.Okla.1962) (the discovery deposition taken by the plaintiff pursuant to state law was such "other paper" within the meaning of § 1446(b)); *Camden Industries Co. v. Carpenters Local Union No. 1688,* 246 F.Supp. 252 (D.N.H.), *aff'd,* 353 F.2d 178 (1st Cir.1965) (plaintiff's informal answers to interrogatories revealing that it was engaged in interstate commerce constituted "other paper" within the meaning of § 1446(b)); *Evangelical Lutheran Church v. Stanolind Oil & Gas Co.,* 251 F.2d 412 (8th Cir.1958) (plaintiff's reply to the defendant's answer or defense has been held a "pleading or other paper"). *Compare Campos v. Housland, Inc.,* 824 F.Supp. 100, 102 (S.D.Tex.1993) (deposition does not constitute an "other paper" as that term is used in 28 U.S.C. § 1446(b)).

Other courts have applied § 1446(b) to "papers" generally. *See Hessler v. Armstrong World Industries, Inc.,* 684 F.Supp. 393, 394–95 (D.Del.1988) (utterances from counsel and statements made in court constituted "other paper"); *Hamilton v. Hayes Freight Lines, Inc.,* 102 F.Supp. 594 (E.D.Ky.1952) (holding that an answer in a collateral proceeding qualified as "other paper" for purposes of applying the time limit of § 1446(b)); *Central Iowa Agri–Systems v. Old Heritage Advertising and Publishers, Inc.,* 727 F.Supp. 1304, 1305 (S.D.Iowa 1989) (holding that plaintiff's pre-suit demand letter was an "other paper").

Further, some courts construe § 1446(b)'s language requiring "receipt of a ... paper" literally. *See Harrell v. Reynolds Metals Co.,* 599 F.Supp. 966, 968 (N.D.Ala.1985) (stating "[t]he fact is that removability is triggered by 28 U.S.C. § 1446 only by service of the summons and complaint or by 'receipt by the defendant ... of a copy of an amended pleading, motion, order, or other paper from which it may be first ascertained'

that the case is removable. A deposition taken by the defendant does not constitute any of these events."). Other courts read this requirement more expansively. *See Heniford v. American Motors Sales Corp.*, 471 F.Supp. 328, 334 (D.S.C.1979) (the admonition to a jury in state court by plaintiffs' attorney not to return a verdict against the resident defendant established the prerequisites for removal diversity jurisdiction under 28 U.S.C. § 1446(b). Plaintiffs' refusal to put in writing their dismissal of resident defendant did not defeat defendant's right to remove); *Brooks v. Solomon Co.*, 542 F.Supp. 1229, 1230 (N.D.Ala.1982) (plaintiff's discovery deposition taken under state law constituted an "other paper" for the purposes of 28 U.S.C. § 1446(b) and time for removal began to run after plaintiff's deposition); *Kanter & Eisenberg v. Madison Assoc.*, 602 F.Supp. 798, 801 (N.D.Ill.1985) (rejecting defendants' argument that the deposition of plaintiff was the first time that the defendants could have learned plaintiff's citizenship. Time for removal began to run after defendants received copy of complaint).

■ Relative to the "receipt of a paper" controversy of § 1446(b), this court need not address it further since even by the most literal interpretation there is receipt of a paper here. All parties agree that defendant did receive plaintiff's written demand letter of June 10, 1994. This court, however, must resolve two other questions: first, whether § 1446(b) requires this demand letter to be a paper "filed in the case." If so, then our analysis is at an end since the demand letter in question was not filed in the case. It was merely a correspondence between the parties. Should this court determine that § 1446(b) includes correspondence as "other papers," then the court's next task is to determine whether the thrust of the demand letter properly triggers removal.

On at least two occasions, the Fifth Circuit Court of Appeals resolved remand issues without deciding what constitutes "other papers." *See FDIC v. Loyd*, 955 F.2d 316, 326 (5th Cir.1992) (declining to reach the question of whether "other paper" under § 1446(b) includes or excludes the appointment papers of a receiver); *Chapman v.*

*Powermatic, Inc.*, 969 F.2d 160, 164 n. 8 (5th Cir.1992) (refusing to express an opinion as to whether medical bills and demand letter would be adequate as "other paper" for purposes of the second paragraph of § 1446(b)). This gap in Fifth Circuit jurisprudence thus invites this court to write on the issue.

■ This court is inclined to follow that line of case authority which holds that § 1446(b) is not restricted solely to papers filed in the case. The statute does not define "other paper." Also absent is any relevant legislative history as to what constitutes "other paper." Hence, this court relies principally upon the language of § 1446(b) to discern the meaning of "other paper." In *Broderick v. Dellasandro*, 859 F.Supp. 176, 178 (E.D.Pa.1994), the district court analyzed the statutory language and concluded the following:

> The statute, however, is clear that the time for removal begins to run when the defendant receives the requisite written notice of facts which make the case removable. The statutory requirement of a writing reduces disputes over knowledge of diversity or the amount in controversy and helps avoid later battles of credibility between opposing parties and lawyers. *See Smith v. Bally's Holiday*, 843 F.Supp. 1451 (N.D.Ga.1994). Although notice must be in writing, the statute does not require "service" of that notice in some formal legal sense. Notification may be "through service or otherwise." 28 U.S.C. § 1446(b) (emphasis added). Thus, while Congress insisted that notice of facts permitting removal must be in an "amended pleading, motion, order or other paper," the method of delivery or receipt of the writing was not circumscribed. *See* 28 U.S.C. § 1446(b). In sum, the purpose of the statute "is to commence the running of the thirty-day period once the defendant receives actual notice that the case has become removable, which may be communicated in a formal or informal manner." 14A Wright, Miller & Cooper, *Federal Practice & Procedure*, § 3732 at 520 (emphasis added). *See also* 28 U.S.C. § 1446, Commentary on 1988 Revision of § 1446.

**82**

*Broderick v. Dellasandro,* 859 F.Supp. at 178. This court interprets § 1446(b)'s purpose and thrust similarly. The essential purpose of § 1446(b) is to commence the running of the 30–day period once the defendant receives the requisite written notice that the case has become removable. This actual notice may be communicated in a formal or informal manner. Accordingly, this court holds that a demand letter under proper circumstances may be accorded "other paper" status under § 1446(b).

■ Next, the court must determine whether the contents of the demand letter in the case *sub judice* make this case removable. This court is not persuaded that the demand letter here shows that the amount in controversy in this case exceeds $50,000.00. Several factors support this court's conclusion. First, the matter was brought in the County Court of the First Judicial District of Hinds County, Mississippi. Pursuant to Miss.Code Ann. § 9–9–21,[4] this court has a maximum jurisdictional amount of $50,000.00. Plaintiff's choice of this state court forum with its statutory limitation is certainly evidence of the maximum amount sought by plaintiff.

Next, in its complaint plaintiff asked only for $13,102.30, a specific sum substantially less than $50,000.00. While this court certainly recognizes that this court is not required to accept blindly plaintiff's assertions, *Theis v. El Fenix Corp.,* 748 F.Supp. 810 (W.D.Okla.1990), still, under these circumstances, this court credits this in plaintiff's favor.

Finally, this court notes that the Louisiana Contract has not been made a part of this lawsuit. The Louisiana Contract has not been pleaded. Plaintiff has submitted no motion to amend her complaint to bring the Louisiana Contract into this case's dispute. What is before the court is only the Mississippi Contract, a copy of which was attached to plaintiff's complaint. The maximum

amounts plaintiff may recover under the Mississippi Contract are computable and will not exceed $50,000.00. Further, were this court to render at this time a judgment on the pleadings, the plaintiff would be restricted to the maximum amounts evidenced by the Mississippi Contract to be in issue.

In conclusion, the defendant has not met its burden of showing that federal jurisdiction exists. Defendant has failed to show under § 1446(b) that plaintiff is seeking damages in excess of the federal jurisdictional threshold. Accordingly, this court hereby remands this case to the County Court of the First Judicial District of Hinds County, Mississippi.

**SO ORDERED AND ADJUDGED.**

---

4. Mississippi Code Annotated § 9–9–21 provides in pertinent part as follows:

(1) The jurisdiction of the county court shall be as follows: It shall have jurisdiction concurrent with the justice court in all matters, civil and criminal of which the justice court has jurisdiction; and it shall have jurisdiction con-

current with the circuit and chancery courts in all matters of law and equity wherein the amount of value of the thing in controversy shall not exceed, exclusive of costs and interest, the sum of Fifty Thousand Dollars ($50,-000.00), ...