**Romeo CUELLAR, Leo Perez, Roberto Garcia, and Evelyn Dohrenburg, Plaintiffs,**

v.

**CROWN LIFE INSURANCE COMPANY, Defendant.**

Nos. Civ.A. M–00–068, M–00–098 to M–00–100.

United States District Court, S.D. Texas, McAllen Division.

Sept. 21, 2000.

Michael Stuart Lee, Michael Stuart Lee and Associates, Corpus Christi, TX, Gary F DeShazo, Gary F DeShazo & Associates, Austin, TX, for Romeo Cuellar, Leo Perez, Roberto Garcia, Evelyn Dohrenburg, plaintiffs.

Gregory F Burch, Liddell Sapp Zivley Hill & Laboon, Houston, TX, Edwin R DeYoung, Locke Liddell et al, Dallas, TX, Roger Brian Cowie, Locke Liddell et al, Dallas, TX, Carl Christopher Scherz, Locke Liddell et al, Dallas, TX, David G Cabrales, Locke Liddell et al, Dallas, TX, for The Crown Life Insurance Company, defendant.

### *MEMORANDUM AND ORDER*

LAKE, District Judge.

Pending before the court are Plaintiffs' Amended Motion to Remand (Docket Entry No. 16 in C.A. No. M–00–068) and Defendant Crown Life Insurance Company's Motion to Consolidate (Docket Entry No. 14 in C.A. No. M–00–068). For the reasons set forth below both motions will be granted.

## I. *Background*

The four plaintiffs in these actions, Romeo Cuellar, Leo Perez, Roberto Garcia, and Evelyn Dohrenburg, were at one time insurance agents of Crown Life Insurance Company ("Crown Life") who were involved in the sale of "vanishing premium" life insurance policies issued by Crown Life. Numerous lawsuits were filed by holders of vanishing premium policies issued by Crown Life. In five of those lawsuits the four plaintiffs were named as defendants and filed cross-claims against Crown Life:

(1) *Irma De Zertuche, et al. v. Crown Life Insurance Company, et al.*, Cause No. C–2315–95–E, in the 275th Judicial District Court of Texas, Hidalgo County ("*De Zertuche*"). In *De Zertuche*, Cuellar, Perez, and Dohrenburg filed cross-claims against Crown Life;

(2) *Susana De la Macorra, et al. v. Crown Life Insurance Company, et al.*, Cause No. C–3428–95–E, in the 275th Judicial District Court of Texas, Hidalgo County ("*De la Macorra*"). In *De la Macorra*, Cuellar and Dohrenburg filed cross-claims against Crown Life. Although Garcia filed answers to the claims against him (Exhibits 17 and 18 to Crown Life's [indexed] *De la Macorra* papers in its Notice of Removal), he did not file a cross-claim against Crown Life;

(3) *Ramos, et al. v. The Crown Life Insurance Company, et al.*, Cause No. C–2354–95–B, in the District Court of Hidalgo County, Texas ("*Ramos*"). In *Ramos*, Dohrenburg and Garcia filed cross-claims against Crown Life;

(4) *Guzman, et al. v. The Crown Life Insurance Company, et al.*, Cause No. C–2648–95–B, in the District Court of Hidalgo County, Texas ("*Guzman*"). In *Guzman*, Cuellar filed a cross-claim against Crown Life; and

(5) *Del Puerto, et al. v. The Crown Life Insurance Company, et al.*, Cause No. C–2653–95–G, in the District Court of Hidalgo County, Texas ("*Del Puerto*"). In *Del Puerto*, Cuellar filed a cross-claim against Crown Life.

On October 24, 1995, the majority of Crown Life's outstanding shares of stock became owned by an entity that was itself owned by the Canadian province of Saskatchewan. As a result of this change in ownership, Crown Life alleged that it was a "foreign state" and removed a number of pending state court actions to this court, including the five actions referred to above. By orders entered on October 1, 1996 (Docket Entry Nos. 23 and 24 in MDL–1096), these five actions and others were remanded to the state courts in which they were originally filed.

Over the years since then Crown Life settled with the policyholder plaintiffs in the five cases, leaving to be resolved the cross-claims of the four Crown Life agents who are now denominated as plaintiffs in these removed actions. Because in each of the five cases, one or more, but not all, of the four plaintiffs were cross-claimants, plaintiffs and Crown Life agreed to consolidate two cases and to dismiss the other three. This was accomplished by a two-step process. On January 6, 1998, Crown Life prepared and filed in *De la Macorra* a Joint Motion of Plaintiffs and Crown Life for Severance and Dismissal (Exhibit 49 to Crown Life's [indexed] *De la Macorra* papers in its Notice of Removal in M–00–068). The first paragraph of the motion states:

The parties have settled all claims and counterclaims in this action except for the crossclaims existing between Romeo Cuellar, Evelyn Dohrenburg, and *Roberto Garcia*, on the one hand, and Crown Life, on the other hand. Pursuant to the terms of the settlement, the parties jointly request that the unsettled crossclaims be severed into a separate action and that the remaining claims in this

action be dismissed with prejudice pursuant to the parties' settlement. (Emphasis added.)

The same day, January 6, 1998, the 275th Judicial District Court of Hidalgo County, Texas, granted the Joint Motion and signed an Agreed Order of Severance and Dismissal With Prejudice in *De la Macorra*. The Agreed Order states:

> (1) All crossclaims between Romeo Cuellar, Evelyn Dohrenburg, and *Roberto Garcia*, on the one hand, and Crown Life, on the other hand, are hereby severed into a separate action which shall proceed under Cause No. _____, with the caption *Romeo Cuellar v. Crown Life Insurance Company*. (Emphasis added.)
>
> (2) All remaining claims and counterclaims of any party, including any pending motions for sanctions, are hereby dismissed with prejudice as settled.

(Exhibit 50 to Crown Life's [indexed] *De la Macorra* papers in its Notice of Removal in M–00–068).

In April of 1999 the severed portion of *De la Macorra*, now restyled as *Romeo Cuellar v. Crown Life Insurance Company*, was consolidated into *De Zertuche*, C–2315–95–E(1) (also apparently sometimes styled as *Jose Fernandez Ramirez v. Crown Life Insurance Company*), in the 275th Judicial District Court of Hidalgo County, Texas, and restyled as *Romeo Cuellar, Leo Perez, Roberto Garcia and Evelyn Dohrenburg v. Crown Life Insurance Company*. (April 6, 1999, Agreed Order of Consolidation of Actions in C–2315–95–E(1) [Exhibit 58 to Crown's [indexed] *De Zertuche* papers in its Notice of Removal]) [1] Consolidation was necessary because Perez was not a party in the *De la Macorra* case. The Agreed Order Granting Consolidation of Actions expressly identified the "Cross–Plaintiffs" as "Romeo Cuellar, Leo Perez, *Roberto Garcia*, and Evelyn Dohrenburg" and Crown Life as "Cross–Defendant" and was approved by Crown Life's counsel. *Id.* (emphasis added).

What was overlooked by all counsel when the January 6, 1998, Joint Motion and Agreed Order and the April 6, 1999, Agreed Order were prepared was that since Garcia had only filed a cross-claim in *Ramos*, but not in *De Zertuche* or *De la Macorra*, Garcia had no live pleading against Crown Life in the consolidated, *Cuellar* case, No. C–2315–95–E(1). The record is clear, however, that all parties treated Garcia as if he were a cross-plaintiff against Crown Life in the consolidated case. For example, in addition to preparing or agreeing to the papers described above in January of 1998 and April of 1999 that identified Garcia as a cross-plaintiff, Crown Life filed a Notice of Deposition Duces Tecum in the severed consolidated *Cuellar* case on February 7, 2000. The notice was addressed to "Plaintiffs" and noticed the depositions of the four plaintiffs, including Garcia. (Exhibit 7 to Plaintiffs' Amended Motion to Remand [Docket Entry No. 16 in M–00–068]).

During the March 2, 2000, deposition of Perez, counsel for Crown Life pointed out to plaintiffs' counsel that he could find no record that Roberto Garcia was actually a "party against Crown." (Transcript of March 2, 2000, deposition [Exhibit 5 to Defendant Crown Life Insurance Company's Response to Plaintiffs' Motion to Remand (Docket Entry No. 8 in M–00–068), at page 37]) Plaintiffs' counsel took the position that Garcia was a party by virtue of the motions and orders of the state courts. *Id.* at pages 37 through 39.

On March 29, 2000, Crown Life removed the consolidated *Cuellar* case, C–2315–95–E(1), taking the position that the statements made during the March 2, 2000, deposition for the first time made it ascertainable to Crown Life that Garcia was asserting a claim against Crown Life and that Crown Life was then entitled to re-

---

1. In none of the papers have the parties cited the court to a motion that accompanied the Agreed Order.

move the case under the Foreign Sovereign Immunities Act, 28 U.S.C. § 1603(a). (Crown Life Insurance Company's Notice of Removal [Docket Entry No. 1 in M–00–068], at page 3) On March 30, 2000, the four plaintiffs filed in the state court their First Amended Petition Amending Plaintiffs' Original Cross–Claims After Consolidation of Severance in the severed *Cuellar* case, C–2315–95–E(1). (Exhibit 6 to Defendant Crown Life Insurance Company's Response to Plaintiffs' Motion to Remand [Docket Entry No. 8 in M–00–068] ) Crown Life then filed an Amended Notice of Removal on March 31, 2000 (Docket Entry No. 4 in M–00–068).

In April of 1999, after the Agreed Order of Consolidation was entered, the four plaintiffs and Crown Life filed a Joint Notice of Nonsuit in the unconsolidated cases, *Ramos, Guzman,* and *Del Puerto.* (Exhibits 11, 12, and 13 to Defendant Crown Life Insurance Company's Response to Plaintiffs' Motion to Remand [Docket Entry No. 8 in M–00–068] ) On March 31, 2000, however, after Crown Life removed the consolidated *Cuellar* case to this court, plaintiffs filed motions to withdraw their previous notices of nonsuit in an effort to revive the claims against Crown Life that they had previously dismissed. On April 28, 2000, Crown Life removed those three cases to this court. Although all three cases are now styled as *Romeo Cuellar v. The Crown Life Insurance Company,* each is a vestige of the earlier *Ramos, Guzman,* and *Del Puerto* cases. The three cases are now docketed in this court as

(1) *Romeo Cuellar v. Crown,* No. C–2354–95–B(2), docketed in this court under M–00–098, formerly known as *Guzman;*[2]

(2) *Romeo Cuellar v. Crown Life Insurance Company,* No. C–2354–95–B(1), docketed in this court under M–00–099, formerly known as *Ramos;* and

(3) *Romeo Cuellar v. Crown Life Insurance Company,* No. C–2653–95–G(1), docketed in this court under M–00–100, formerly known as *Del Puerto.*

## II. *Analysis*

Plaintiffs argue that Crown Life's Notice of Removal and Amended Notice of Removal in M–00–068 are untimely because "there is a thirty-day limitation for removing actions set out in 28 U.S.C. § 1441." (Plaintiffs' Amended Motion to Remand [Docket Entry No. 16 in M–00–068], at page 4) The timeliness of a motion to remand, including a motion to remand under the Foreign Sovereign Immunities Act, is governed by 28 U.S.C. § 1446(b). Crown Life argues that removal was timely under the second paragraph of § 1446(b), which states:

> If the case stated by the initial pleading is not removable, a notice of removal may be filed within thirty days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable, except that a case may not be removed on the basis of jurisdiction conferred by section 1332 of this title more than 1 year after commencement of the action.

(Defendant Crown Life's Response to Plaintiffs' Amended Motion to Remand [Docket Entry No. 19 in M–00–068], at page 6) Crown Life candidly acknowledges that "[i]t was not until Crown Life noticed the deposition of Plaintiffs and began preparing for such depositions that Crown Life discovered Garcia had not been properly joined in this action." *Id.* at page 3.

▆▆ In *Delgado v. Shell Oil Company,* 890 F.Supp. 1324, 1341 (S.D.Tex.1995),

---

2. *Guzman* originally bore state cause no. C–2648–95–B. When the state plaintiffs and Crown Life settled the cross-claim of plaintiff, Cuellar's cross-claim was severed and given cause no. C–2354–95–B(2). (Agreed Order

of Severance and Dismissal with Prejudice, Exhibit 18 to Defendant Crown Life Insurance Company's Response to Plaintiffs' Motion to Remand [Docket Entry No. 5 in M–00–098] )

this court explained the standard of review for a motion to remand:

> "Section 1447(c) provides two grounds for remand: (1) a defect in removal procedure and (2) lack of subject matter jurisdiction." *Burks v. Amerada Hess Corp.*, 8 F.3d 301, 303 (5th Cir.1993). When considering a motion to remand the removing party bears the burden of showing that removal was proper. *Willy v. Coastal Corp.*, 855 F.2d 1160, 1164 (5th Cir.1988), *appeal after remand*, 915 F.2d 965 (5th Cir.1990), *aff'd*, 503 U.S. 131, 112 S.Ct. 1076, 117 L.Ed.2d 280 (1992). "This extends not only to demonstrating a jurisdictional basis for removal, but also necessary compliance with the requirements of the removal statute." *Albonetti v. GAF Corporation–Chemical Group*, 520 F.Supp. 825, 827 (S.D.Tex.1981). Because removal jurisdiction "raises significant federalism concerns," *Willy*, 855 F.2d at 1164, courts must construe removal statutes "narrowly, with doubts resolved in favor of remand to the state court." *Jefferson Parish Hosp. Dist. No. 2 v. Harvey*, 788 F.Supp. 282, 283–84 (E.D.La.1992). If there is any doubt that a right to removal exists, "ambiguities are to be construed against removal." *Samuel v. Langham*, 780 F.Supp. 424, 427 (N.D.Tex.1992).

■ Plaintiffs do not seriously dispute that Crown Life is a foreign state within the meaning of 28 U.S.C. § 1603 and as such has a right to remove state court actions against it to federal court. The issue before this court in M–00–068 is whether Crown Life's notices of removal were timely and, more simply, whether the fact that Garcia was treated as a cross-plaintiff by all parties, including Crown Life, since January of 1998 made Crown Life's attempts in March of 2000 to remove the consolidated *Cuellar* case untimely, notwithstanding the statements at the March 2, 2000, deposition or the filing of Plaintiffs' First Amended Petition on March 30, 2000.

Neither party has cited any authority defining what constitutes an "order or other paper from which it may first be ascertainable that the case is one which is or has become removable" within the meaning of 28 U.S.C. § 1446(b), and the court's own research has not uncovered direct authority. In defining what constitutes an "other paper" in the same statute, this court has held that an "other paper" must be one generated in the removed state court case, *Lozano v. GPE Controls*, 859 F.Supp. 1036 (S.D.Tex.1994), and that an "other paper" must represent a voluntary act of the plaintiff. *Campos v. Housland, Inc.*, 824 F.Supp. 100 (S.D.Tex.1993). The Joint Motion of Plaintiffs and Crown Life for Severance and Dismissal filed in the *De la Macorra* case on January 6, 1998, the Agreed Order of Severance and Dismissal With Prejudice granted the same date, and the Agreed Order Granting Consolidation of Actions granted on April 6, 1999, were all filed in the state court case removed as M–00–068 and were all voluntary acts of the plaintiffs.

Furthermore, Crown Life was aware by preparing, signing, and agreeing to those papers that Roberto Garcia was asserting a cross-claim against Crown Life. If, as Crown Life now argues, the oral statement of Garcia's counsel at the March 2, 2000, deposition that Garcia was asserting a claim against Crown Life allowed Crown Life to "ascertain" within the meaning of § 1446(b) that it was entitled to remove the case, then certainly Crown Life could have "first . . . ascertained" that the case was removable on that basis when Crown Life prepared, agreed to, and filed the various papers on January 6, 1998, and April 6, 1999. The court has carefully considered all of Crown Life's other arguments in these four cases why the court should accept jurisdiction and should not grant plaintiffs' motions to remand. The court is not persuaded by any of those arguments. Because the court concludes that the 30–day period for removal began on January 6, 1998, Crown Life's attempts to remove the consolidated *Cuellar* case,

**826**

No. C–2315–95–E(1), in March of 2000 was untimely. Because the action was improperly removed, Plaintiffs' Amended Motion to Remand (Docket Entry No. 16 in M–00–068) is **GRANTED** pursuant to 28 U.S.C. § 1447(c).

Crown Life has also filed a Motion to Consolidate (Docket Entry No. 14 in M–00–068), to which plaintiffs have not responded. Crown Life seeks to consolidate the four removed cases into one case that Crown Life hopes will remain in federal court. Since the court is going to remand the consolidated *Cuellar* action, M–00–068, there is no reason for the court to retain the three other removed actions, Civil Action Nos. M–00–098, M–00–099, and M–00–100. The remanded *Cuellar* case includes all four plaintiffs and Crown Life. It involves the same parties and claims as the other three actions. Crown Life does not dispute that the plaintiffs in those three actions filed cross-claims against Crown Life years before Crown Life removed the cases in April of 2000. The gist of Crown Life's removal argument in those three actions is that since the plaintiffs dismissed their cross-claims against Crown Life in those cases incident to the parties' agreement in order to proceed in the consolidated *Cuellar* case, the plaintiffs' recent attempts to withdraw their notices of nonsuit constitute new actions that are now removable by Crown Life. The effect of the filing of a notice of nonsuit and whether an attempt to withdraw such a notice is a new action are questions of state law, which the state court, being far more experienced with such questions, is better suited to address. Moreover, those motions may now be moot since the court is remanding Civil Action No. M–00–068. For these reasons Crown Life's Motion to Consolidate (Docket Entry No. 14 in M–00–068) is **GRANTED**. The court **CONSOLIDATES** Civil Action Nos. M–00–098, M–00–099, and M–00–100 into Civil Action No. M–00–068 and **REMANDS** Civil Action No. M–00–068 to the 275th Judicial District Court of Hidalgo County, Texas. That court can determine whether the motions to withdraw notices of nonsuit are moot or, if not, should be granted and whether the cases should be severed into separate state court cases.

Plaintiffs' request for sanctions under 28 U.S.C. § 1447(c) is **DENIED.**

The Clerk will provide a copy of this Memorandum and Order to all counsel and to the District Clerk of Hidalgo County, Texas.