Kim BRINKLEY as Next Friend of Heather Michelle Brinkley, Shelby Lynn Brinkley, and Reilly Dixon Brinkley, Minor Children; and Lee Ann Capps, Individually and on Behalf of the Estate of Patrick Dixon Brinkley, Plaintiffs,

v.

UNIVERSAL HEALTH SERVICES, INC.; Universal Health Services of Texas, Inc.; McAllen Medical Center, Inc.; D/B/A Edinburg Regional Medical Center and McAllen Medical Center; Jorge Zamora Quezada, M.D.; Ajai Sawhney, M.D.; Western Emergency Physicians, a Texas Limited Partnership; Western Emergency Services; Fagan Medical Group; and Phillip Fagan, M.D., Defendants.

No. CIV.A.M–01–022.

United States District Court,
S.D. Texas,
Brownsville Division.

April 12, 2002.

Ramon Garcia, Attorney at Law, Oscar Lopez, Law Office of Ramon Garcia, Edinburg, TX, for Plaintiffs Kim Brinkley as Next Friend of Heather Michelle Brinkley, Shelby Lynn Brinkley, and Reilly Dixon

Brinkley, Minor Children; and Lee Ann Capps, Individually and on Behalf of the Estate of Patrick Dixon Brinkley.

James H. Denison, Jr., Robert Barrett Ray, Adams & Graham, Harlingen, TX, for Defendants Universal Health Services, Inc.; Universal Health Services of Texas, Inc.; McAllen Medical Center, Inc., d/b/a Edinburg Regional Medical Center and McAllen Medical Center.

Steven Matthew Gonzalez, William Ray Garza, Steven M. Gonzalez & Associates, McAllen, TX, for Defendants Jorge Zamora Quezada, M.D.; Ajai Sawhney, M.D.; Western Emergency Physicians, a Texas Limited Partnership; Western Emergency Services; Fagan Medical Group; and Phillip Fagan, M.D.

## ORDER

BLACK, United States Magistrate Judge.

Pending before the Court is Plaintiffs' Motion to Reconsider The Court's Order of December 11, 2001 Denying Remand (Docket No. 28).

### BACKGROUND

On November 16, 1999, Kim Brinkley, as next friend of Heather Michelle Brinkley, Shelby Lynn Brinkley, and Reilly Dixon Brinkley, minor children, and Lee Ann Capps, individually and on behalf of the estate of Patrick Dixon Brinkley, ("Plaintiffs") originally filed this civil action in the 332nd Judicial District Court of Hidalgo County, Texas. The Plaintiffs' petition alleged statutory negligence claims and common law medical malpractice claims for the wrongful death of Patrick Dixon Brinkley. The parties proceeded with discovery, and on January 22, 2001, the Plaintiffs deposed one of their experts, Dr. Albert Weihl. As a result of Dr. Weihl's deposition testimony, the Defendants filed a notice of removal on February 2, 2001. (Docket No. 1). The Defendants contended that federal question jurisdiction existed because Dr. Weihl's testimony demonstrated that the Plaintiffs were asserting a claim under the Emergency Medical Treatment and Active Labor Act ("EMTALA"), 42 U.S.C. § 1395dd. The Plaintiffs filed a motion to remand, which this Court denied. In response, the Plaintiffs have filed the pending motion for reconsideration (Docket No. 28) of this Court's order denying remand.

### DISCUSSION

When a plaintiff challenges the propriety of a defendant's removal, the defendant has the burden of showing the necessary facts to support the Court's exercise of removal jurisdiction. *See Jernigan v. Ashland Oil Inc.*, 989 F.2d 812, 815 (5th Cir.1993). The removal statute should be strictly construed in favor of remand, and any ambiguities are construed against removal. *See Butler v. Polk*, 592 F.2d 1293, 1296 (5th Cir.1979).

Under section 1446(b), when an action is not initially removable, the defendant has 30 days after it receives "a copy of an amended pleading, motion, order or *other paper* from which it may first be ascertained that the case is one which is or has become removable[.]" 28 U.S.C. § 1446(b) [Emphasis added]. The Fifth Circuit has held that the "other paper" conversion requires a *voluntary act of the plaintiff. S.W.S. Erectors, Inc. v. Infax, Inc.*, 72 F.3d 489, 494 (5th Cir.1996). In *Infax*, the Court held that an affidavit created by the defendant and based on the defendant's subjective knowledge was insufficient to convert a non-removable action into a removable one. 72 F.3d at 494. The Court, however, concluded that the deposition testimony of the plaintiff's president constituted an "other paper" for purposes of

section 1446(b), implicitly finding that it was a voluntary act of the plaintiff. *Id.*

█ The Fifth Circuit has not addressed the issue whether the deposition testimony of a non-party expert witness constitutes an "other paper" satisfying the statutory requirement. Nonetheless, determining whether deposition testimony constitutes an "other paper" appears to turn on whether the testimony constituted a voluntary act of the plaintiff. Even though the Plaintiffs never alleged any federal claims in their state court petition,[1] the Defendants assert that Dr. Weihl's deposition testimony constitutes an "other paper" for purposes of the statute. This Court agrees. In this case, it was the Plaintiffs' counsel himself who deposed Dr. Weihl, an expert retained by the Plaintiffs, regarding the EMTALA claim. Several pages of the deposition transcript are dedicated to the series of questions asked by Plaintiffs' counsel regarding the EMTALA claim, and Dr. Weihl provided detailed testimony based on those questions. (Weihl Deposition, pp. 186–195). The testimony established that while Dr. Weihl may not have been qualified to offer a legal opinion, Dr. Weihl was familiar with the statute and had evaluated EMTALA-related issues for other facilities in the past. (Weihl Deposition, p. 220).

The Plaintiffs complain that Dr. Weihl's testimony regarding any alleged EMTALA violations were mere contentions and did not lead to the discovery of new jurisdictional facts. However, even if Dr. Weihl's statements regarding EMTALA are mere contentions, by inquiring about EMTALA, the Plaintiffs' counsel tacitly asserted a federal claim against the Defendants.

Further, the Plaintiffs did elicit testimony regarding facts in this case which would invoke EMTALA; Dr. Weihl testified that Edinburg Regional Medical Center failed to stabilize Patrick Dixon Brinkley and that it was improper for a facility to deny medical care to a patient who may be under the influence of drugs or alcohol. (Weihl Deposition, p. 199). This Court holds that drawing out testimony giving rise to an EMTALA claim from their own expert witness constitutes a voluntary act of the Plaintiffs.

The Defendants cite one case which supports the proposition that the deposition testimony need not be that of the plaintiff in order to satisfy section 1446's "other paper" requirement. *See Fuqua v. Gulf C. & S.F. Railway Co.,* 206 F.Supp. 814 (D.C.Okla.1962) (holding that the deposition testimony of the defendant constitutes an "other paper"). Furthermore, the commentary in the statute relating to the 1988 revision of section 1446 is instructive. The commentary discusses the problem defendants face with respect to fraudulent joinder doctrine and states: "The 'other paper' language is helpful. The paper that reveals the phoniness of the nondiverse defendant's joinder may be, e.g., the deposition of some *nonparty witness.*" [Emphasis added.] This language indicates that Congress contemplated the deposition testimony of a non-party witness as an "other paper" sufficient to satisfy the statutory requirement.

In *Campos v. Housland, Inc.,* 824 F.Supp. 100, 102 (S.D.Tex.1993), the district court recognized that the Fifth Circuit requires some voluntary act of the plaintiff in order to establish removability.

---

1. The Plaintiffs' assertion that their pleadings lack any allegations raising a federal claim is irrelevant. Section 1446 states that *"[i ]f the case stated by the initial pleading is not removable,* a notice of removal may be filed within thirty days after receipt by the defendant ... of a copy of ... an *other paper* from which it may first be ascertained that a case is one which is or has become removable[.]" 28 U.S.C. § 1446(b) [Emphasis added]. The Defendants rely on Dr. Weihl's deposition testimony as the "other paper" in this case.

At the time *Campos* was decided, no Fifth Circuit decision had issued holding that discovery against a plaintiff may constitute an "other paper" under section 1446(b). 824 F.Supp. at 102. Nevertheless, the court observed in a footnote that assuming that a deposition constituted an "other paper," the deposition of an employee of the defendant in *Campos* could not be considered a voluntary act because the plaintiff had no responsibility over him. *Id.* The court further determined that the deposition of the plaintiff, which was taken by the defendant, was not a completely voluntary act. *Id.*

The same cannot be said regarding the voluntariness of Dr. Weihl's testimony. First, as mentioned, the Plaintiffs' counsel himself deposed Dr. Weihl regarding the EMTALA claim. Dr. Weihl had been previously deposed by the Defendants, but the Defendants' counsel did not inquire about any potential violations of federal statutes. After defense counsel concluded their discovery deposition of Plaintiffs' expert, counsel for Plaintiffs proceeded to make the deposition into a trial deposition because trial was less than two weeks away. At this point, Plaintiffs' counsel sought testimony about EMTALA. Furthermore, unlike the plaintiff in *Campos*, who had no responsibility over the deposed employee of the defendant, Dr. Weihl was an expert retained by the Plaintiffs, and as such, Plaintiffs had responsibility over Dr. Weihl and his opinions and testimony.

The Plaintiffs maintain that they have "no intent to pursue any claims under federal law regardless of Dr. Weihl's opinion." (Docket No. 28). This assertion contradicts their previous statement in their supplemental motion to remand that "[i]t is clear that in the unlikely event that this case is not remanded to state court, Plaintiffs would be asserting an EMTALA claim[.]" (Docket No. 15). In their supplemental motion, they also expound on the application of EMTALA to their case, setting forth the elements of an EMTALA claim. The Plaintiffs argued that no EMTALA claim was alleged because the pleadings had no allegations that Defendants refused to treat Brinkley because of an improper motive. (Docket No. 15). However, at Dr. Weihl's deposition, during Plaintiffs' questioning regarding EMTALA, Plaintiffs' counsel inquired from Dr. Weihl whether it is proper to deny a patient medical care because he is under the influence of drugs or alcohol. (Weihl Deposition, pp. 199). Dr. Weihl stated it was not. (Weihl Deposition, pp. 199). This certainly gives rise to an EMTALA claim in which it is a violation to deny medical care based on an improper motive.

Finally, this Court should retain jurisdiction over the state law claims because the facts giving rise to the EMTALA claim and the facts giving rise to the state law claims arise from a common nucleus of operative facts (i.e., the failure of the Defendants to provide adequate medical care to Patrick Dixon Brinkley). Federal jurisdiction attached at the point that the EMTALA claim was raised by questioning brought about by Plaintiffs' counsel, thus, any subsequent action by Plaintiffs to disclaim this federal claim is ineffective to defeat jurisdiction. *See Carnegie–Mellon Univ. v. Cohill,* 484 U.S. 343, 108 S.Ct. 614, 98 L.Ed.2d 720 (1988).

**IT IS THEREFORE ORDERED** that Plaintiffs' Motion to Reconsider the Court's Order of December 11, 2001, Denying Remand is **DENIED.**