**Francis RAWLINGS, Plaintiff**

v.

**Raydell A. PRATER, National Pizza Company A, B and C Corporation, and X, Y and Z Individuals, Defendants.**

No. 3:97CV278LN.

United States District Court,
S.D. Mississippi,
Jackson Division.

July 10, 1997.

Lance L. Stevens, Stevens & Ward, Jackson, MS, Wayne Dowdy, Magnolia, MS, James Phillip Cothren, Jackson, MS, for Plaintiff.

Alfonso Nuzzo, Clyde X. Copeland, III, Markow, Walker, Reeves & Anderson, Jackson, MS, for Defendants.

## MEMORANDUM OPINION AND ORDER

TOM S. LEE, Chief Judge.

This cause is before the court on the motion of plaintiff Francis Rawlings to remand pursuant to 28 U.S.C. § 1447. Defendant National Pizza Company opposes the motion and the court, having considered the memoranda of authorities, together with attachments, submitted by the parties, concludes that plaintiff's motion should be denied.

Defendant removed this case on the ground that diversity jurisdiction arose upon plaintiff's having settled her claim against the sole nondiverse defendant, Prater. Plaintiff submits, however, that at the time of removal, her claim against Prater had not been finally dismissed such that there was no diversity. The facts leading to the removal are not in dispute.

On May 10, 1996, plaintiff, a Mississippi resident, filed suit in the Circuit Court of Hinds County, Mississippi against National Pizza Company, a nonresident, and against Raydell A. Prater, a Mississippi resident, for injuries sustained in an automobile accident.[1] Plaintiff thereafter entered into settlement negotiations with Prater which, in January 1997, culminated in an oral agreement to settle the case in full accord and satisfaction of the plaintiff's claims against Prater. Upon reaching this agreement, Prater forwarded certain documents to plaintiff, including a Full and Final Release With Indemnity for plaintiff's signature, and a draft Agreed Judgment of Dismissal With Prejudice. When plaintiff failed to execute and return these documents, Prater filed in the state court a "Motion to Compel Enforcement of Settlement and Disbursement of Settlement Proceeds," setting forth the fact of the settlement and asking the court to enter an order compelling settlement and directing the disbursement of the settlement proceeds.

In her response to Prater's motion, plaintiff admitted each of the allegations in the motion but stated by way of explanation that an agreement as to the proper allocation of the settlement monies had not yet been achieved because two of plaintiff's medical providers had filed notice of liens against any settlement proceeds, as had two of plaintiff's former attorneys (one of whom, despite having filed his notice of lien, had not submitted a bill for his services and expenses). Nevertheless, plaintiff expressly "agree[d] that the Court should grant the relief requested by ... Prater, in his Motion to Compel Enforcement of Settlement and Disbursement of Settlement Proceeds," and "ask[ed] the Court to make an equitable distribution of the settlement proceeds among the claimants thereto." The court ruled on plaintiff's motion by order entered April 8, reciting the fact and amount of the settlement, as agreed by the parties, and, after noting that "[a]ny and all disputes between the Plaintiff and certain lienholders and assignees ha[d] been settled," ordered "that the Plaintiff execute Full and Final Release With Indemnity, and pursuant thereto, enter into a Voluntary Dismissal With Prejudice as to Prater as soon as reasonably possible." That same day, plaintiff's counsel signed, on his client's behalf, an "Agreed Order of Voluntary Dismissal With Prejudice as to Separate Defendant Raydell A. Prater," in exchange for which he received the settlement draft, made payable to plaintiff, her attorney, and the various lienholders.

As reflected by correspondence between the parties' attorneys also dated April 8, plaintiff's counsel had asked that defense counsel not enter the Agreed Judgment until he had the opportunity to finalize his revisions to the Full, Final and Absolute Release With Indemnity which had been prepared by Prater's attorney. In keeping with that request, the Agreed Judgment was not entered at that time, and in fact, has not been entered to date because on April 18, before the release documents were finally executed and judgment was entered, defendant removed the case to this court based on the dismissal of the resident defendant.

On the present motion, the parties agree that "when a party whose presence would defeat diversity is dropped from the state court action, the case becomes removable even though diversity did not exist when the state court action was commenced." 14A C. Wright, A. Miller and E. Cooper, *Federal Practice and Procedure* § 3723, at 314 (1985). Plaintiff maintains, however, that until such party is formally dismissed from the suit as a matter of record, then there is no diversity of citizenship and the case is nonremovable. Defendant, on the other hand, argues that the case became removable as soon as defendant received the documents evidencing plaintiff's unequivocal and unconditional voluntary abandonment of her claim against the resident defendant. With this, the court agrees. As one court has stated, "[w]here a plaintiff by his voluntary act has definitely indicated his intention to discontinue the action as to all non-diverse defendants, the case then becomes removable." *Aydell v. Sterns*, 677 F.Supp. 877, 880 (M.D.La.1988) (citing *Erdey v. American Honda Co., Inc.*, 96 F.R.D. 593 (M.D.La.

---

1. She also sued fictitious corporations and individuals, but has not identified them or served any other defendants. The court, therefore, disregards them for purposes of determining its jurisdiction. *See* 28 U.S.C. § 1441(a).

1983)); *DiNatale v. Subaru of America,* 624 F.Supp. 340 (E.D.Mich.1985).

In the court's opinion, diversity jurisdiction arose in this case when the state court judge entered the order, upon, plaintiff's *agreement and at her request,* compelling enforcement of a settlement agreement and directing entry of a final judgment of dismissal, and upon plaintiff's signing, on the same date, the Agreed Judgment of Dismissal.[2] The court recognizes that the parties had informally agreed that the Agreed Judgment would be entered only after plaintiff had made her final revisions to the release agreement. However, the execution of the judgment had been specifically directed by the court at the urging of the parties and the entry of the judgment was inevitable, and the settlement irrevocable. Simply put, plaintiff does not and cannot dispute that she had entered into a final and binding settlement with defendant which she agreed constituted a "full accord and satisfaction" of her claim against Prater and thereby voluntarily abandoned her suit against that defendant.

Plaintiff does assert that there remained possible impediments to the final effectuation of the settlement even after the settlement check was tendered to her and after the Agreed Judgment was signed by the parties because (1) one of the lienholders might have refused to endorse the check, and (2) the final revisions to the release document had not been completed. Yet, as the state court had already found, "any and all disputes" between plaintiff and the lienholders had been resolved and plaintiff had only to go through the process of obtaining the required endorsements. Moreover, while plaintiff views it as significant that the release document had not been finalized, the only change she has indicated was required was the clarification that the settlement and release was

only as to Prater, and not as to National Pizza Company. There was no question but that this was what the parties had agreed and the judge had ordered, so that the "revision" was merely perfunctory and could not conceivably have impeded entry of a final judgment.

Under these circumstances, there can be no reasonable argument made that plaintiff had not, in fact, voluntarily abandoned her claim against Prater, as evidenced by her execution of the Agreed Judgment. Accordingly, defendant's removal was proper on the basis of diversity jurisdiction.

It is therefore ordered that plaintiff's motion to remand is denied.

---

2. 28 U.S.C. § 1446(b) states that if the case stated by the initial pleading is not removable, then the time for removal runs from the date defendant receives "a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case has become removable." Citing Judge Wingate's opinion in *Sunburst Bank v. Summit Acceptance Corp.,* 878 F.Supp. 77 (S.D.Miss.1995), defendant argues that even though one of the papers it received, the Agreed Judgment, was not filed in the court record, it nevertheless constituted an "other pa-

per" which demonstrated that the case had become removable. The court agrees, and has held that "other paper" within the meaning of § 1446(b) is not limited to papers that have actually been filed. *Jackson v. Mississippi Farm Bureau Mut. Ins. Co.,* 947 F.Supp. 252 (S.D.Miss. 1996). The fact that this paper was not filed does not preclude defendant's reliance on it as the basis for removal if that paper evidenced plaintiff's abandonment of her claim against Prater.