**IN THE UNITED STATES COURT OF APPEALS**

**FOR THE FIFTH CIRCUIT**

_____

No. 98-60477
Summary Calendar

_____


FRANCIS RAWLINGS,

                              Plaintiff-Appellant,

          VERSUS

     NATIONAL PIZZA COMPANY,

                              Defendant-Appellee.

_____

Appeal from the United States District Court
for the Southern District of Mississippi
(3:97-CV-278-L-N)

_____

May 4, 1999

Before SMITH, WIENER, and PARKER, Circuit Judges.

JERRY E. SMITH, Circuit Judge:[*]


Francis Rawlings appeals on the ground that the jury verdict returned in his favor is insufficient and that the district court erred in using a modified *Allen* charge instructing the jury to continue deliberations. We affirm.


I.

A driver for National Pizza Company ("NPC") hit Rawlings in a

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

side-impact collision. Before the accident, Rawlings appeared to be in fine health. He worked in a physically demanding job and maintained a vigorous exercise regimen. After the accident, he began experiencing pain in his neck and back. He saw a physician practicing family medicine, Dr. Willie MacArthur, who began treating him for muscle spasms and pain. When the pain did not go away, he saw Dr. Katharine A. Thompson, who diagnosed a bulging disc, causing numbness, pain and decreased motor strength. She also detected scoliosis. Rawlings incurred medical expenses exceeding $16,000.

Rawlings brought suit in state court against NPC,[1] which removed to federal court. He sought damages for his medical expenses, future disability, and pain and suffering. At trial, Dr. Thompson stated that, in her opinion, the pain and injuries stemmed from the accident.

NPC did not contest its responsibility for the driver but argued that it was not liable for Rawlings's medical problems. Dr. Robert A. McGuire, an orthopedic surgeon at the University Medical Center in Jackson, Mississippi, saw Rawlings once for an independent medical exam. He testified that, unlike Thompson, he believed Rawlings's problems had degenerative roots and the car accident did not cause them and, at most, aggravated them.

The jury reported that it was deadlocked. The court gave a modified *Allen* instruction directing it to continue deliberating,

---

[1] Rawlings also sued the driver of the vehicle, but the parties settled before trial.

whereupon the jury awarded $20,000.

## II.

### A.

Rawlings contends that the court should have granted his motion for a new trial because the verdict is against the great weight of the evidence. He suggests that the verdict indicates the jury found NPC liable but that, because he incurred over $16,000 in uncontradicted medical expenses, the jury obviously awarded insufficient damages for future disability and pain and suffering. He contends that the jury must have reached an impermissible compromise verdict, meriting a new trial.

The district court has discretion to grant a new trial for an inadequate verdict, but only if the verdict is against the great weight, not merely the preponderance, of the verdict. *See Jones v. Wal-Mart Stores, Inc.*, 870 F.2d 982, 986 (5th Cir. 1989). This high standard protects the jury's domain. Indeed, a court should not invade the jury's province to determine damages unless an award is shockingly inadequate. *See Taylor v. Green*, 868 F.2d 162, 164 (5th Cir. 1989).

We will not reverse the denial of a motion for a new trial absent "a clear showing of abuse of discretion." *Hidden Oaks Ltd. v. City of Austin*, 138 F.3d 1036 (5th Cir. 1998). In fact, our review is even more deferential to the district court when, as

3

here, it agrees with the jury.[2]  To succeed, Rawlings must "demonstrate an absolute absence of evidence to support the jury's verdict, thus indicating that the trial court had abused its discretion in refusing to find the jury's verdict contrary to the great weight of the evidence." *Hidden Oaks*, 138 F.3d at 1049 (quotations omitted).

Rawlings has not carried this burden.  He relies primarily on the fact that the total damages barely exceeds his compensatory damages.  He claims this indicates an inconsistency between the jury's finding of liability on NPC's part and its assessment of damages, an inconsistency that must have resulted from a compromise among jurors to reach a verdict.

We disagree.  Dr. McGuire testified that he believed the pain stemmed from a pre-existing degenerative condition.  But this testimony did not demand an all-or-nothing verdict.  McGuire explicitly left open the possibility that the accident had aggravated this condition.  The jury could have found that the accident accelerated or magnified the condition's painful symptoms but was by no means its sole cause.  Such a finding would result in awarding partial damages, even without a compromise verdict.[3]  This

---

[2] *See Jones*, 870 F.2d at 982; *Ham Marine, Inc. v. Dresser Indus., Inc.*, 72 F.3d 454, 462 (5th Cir. 1995) ("Moreover, review and approval of the verdict by the trial judge tips the scale even more heavily against appellate reconsideration.").

[3] *See also Haywood v. Collier*, 724 So. 2d 1105, 1109 (Miss. App. 1998) (affirming denial of additur/new trial where verdict less than compensatory damages, relying in part on evidence of plaintiff's pre-existing condition).  The cases on which Rawlings relies are not to the contrary.  In *Pham v. Welter*, 542 So. 2d 884 (Miss. 1989), the court granted additur to an inadequate award.  But the injuries undoubtedly stemmed from the car accident; the only question was who was responsible for that accident.  *See id*. at 887-89.  By finding the

4

evidence sufficiently supports the verdict.

B.

Rawlings contends that the court erred in delivering a modified *Allen* charge.[4] He avers that the charge must have been coercive, essentially mandating that the jury reach a verdict, and resulted in the compromise verdict. He again seeks a new trial.

We review for abuse of discretion. *See United States v. Winters*, 105 F.3d 200, 203 (5th Cir. 1997). Because Rawlings did not object to the instruction, we will find an abuse of discretion only if the court plainly erred, a challenging standard.[5]

Courts may give a modified version of the *Allen* charge if the circumstances are not coercive and the content of the charge is not prejudicial. *See Winters*, 105 F.3d at 203; *United States v. Heath*, 970 F.2d 1397, 1406 (5th Cir. 1992). Contrary to Rawlings' suggestion, there is nothing coercive about the instruction given here. In fact, the court asked the jury to deliberate only another thirty minutes, with the promise of releasing them then if they had

---

defendant liable, the jury could not ignore the substantial evidence of damages and award only part of them. *Id*. at 889. In *James v. Jackson*, 514 So. 2d 1224, 1227 (Miss. 1987), the court affirmed an additur, but that is a situation much different from the instant one. Furthermore, the jury's verdict was less than a quarter of the compensatory damages proven, and the additur only doubled the verdict; the court rejected the cross-appeal seeking a greater additur, because the plaintiff had a pre-existing condition. *See id*.

[4] An *Allen* charge, instructing the jury to continue deliberating, is known as such after *Allen v. United States*, 164 U.S. 492, 501-02 (1896).

[5] *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1424 (5th Cir.1996) (en banc) (citations omitted); *see also United States v. Calverley*, 37 F.3d 160, 162-64 (5th Cir. 1994) (en banc) (holding that court plainly errs when it commits an error that is plain that affects substantial rights and would seriously affect the fairness, integrity, or public reputation of judicial proceedings if uncorrected).

not made any progress.  The jury did continue to deliberate for a little over an hour before successfully reaching a verdict.

Rawlings has not pointed to anything prejudicial in the instruction, and nor do we find anything wrong with it. Importantly, we find nothing in the instruction that might have misled the jury into returning a compromise verdict.  In fact, the court reiterated that any decision must be reached unanimously. The court did not plainly err in giving the instruction; hence, it did not abuse its discretion in denying a new trial.

AFFIRMED.