**UNITED STATES COURT OF APPEALS**

**FOR THE FIFTH CIRCUIT**

No. 98-10969

IN THE MATTER OF: ROY E DRAGOO; BARBARA DRAGOO;
MARK THOMAS HALPIN; JOHN CECIAL MOORE,

Debtor.

JOAN MYERS and JAMES E. PORTER,

Appellants,

VERSUS

JOHN C AKARD, Bankruptcy Judge,

Appellee.

Appeal from the United States District Court
for the Northern District of Texas

August 18, 1999

Before DeMOSS and PARKER, Circuit Judges, and LAKE[*], District
Judge.

ROBERT M. PARKER, Circuit Judge:

Appellants Joan Myers and James E. Porter appeal a sanction
order.  We modify the order and, as modified, affirm.

---

[*]District Judge of the Southern District of Texas, sitting by
designation.

1

## I. FACTS AND PROCEDURAL HISTORY

In January 1997, Appellants' two-person, husband-wife law firm, Myers & Porter, L.L.P., was retained as local counsel by a Seattle law firm to file adversary proceedings in Chapter 7 bankruptcy proceedings in Texas involving consumer credit card debt. The Bankruptcy Court in the Northern District of Texas noticed a pattern in the cases handled by Myers & Porter. The firm repeatedly sought default judgments on adversary complaints which had never been served on the debtors and repeatedly failed to appear for scheduled court appearances. The pleadings in question were signed by Myers. In November 1997, the bankruptcy court issued an order to show cause why sanctions should not be imposed for these actions, and scheduled a hearing for February 23, 1998. Prior to the hearing, Porter filed declarations asserting that he was the principal of the law firm Myers & Porter who handled the cases in question, attributing the problems in the cases to the fact that he had suffered a mental collapse in November 1996, and asking that any resulting liability be assessed solely against him.

At the show cause hearing, the Appellants developed the factual background of Porter's ongoing problems with depression, acknowledged that sanctions were appropriate but asked for leniency in view of Porter's depression, specifically urging the court not to impose monetary sanctions.

The court entered a sanction order suspending both Myers and

2

Porter from practice in the United States Bankruptcy Court for the Northern District of Texas for a period of four years and conditioning readmission upon evidence of 1) mental stability of both Appellants; 2) any grievance and malpractice claims filed against them and disposition of those claims; and 3) 15 hours of courses approved for certification in consumer bankruptcy law.

Appellants appealed the bankruptcy court's order of suspension to the United States District Court.  It was affirmed.

## II. DISCUSSION

We review the sanctions imposed in this case under the abuse of discretion standard.  *See Cooter & Gell v. Hartmax Corp.,* 496 U.S. 384, 405 (1990).  "Under Rule 11, the district court has broad discretion to impose sanctions that are reasonably tailored to further the objectives of Rule 11.  Proper objectives of Rule 11 sanctions are to deter, to punish and to compensate opposing parties.  The court should use the least severe sanction that is adequate to fulfill this purpose."  *American Airlines, Inc. v. Allied Pilots Ass'n,* 968 F.2d 523, 533 (5th Cir. 1992).

Appellants take the position that the district court abused its discretion because the sanctions imposed are not the least severe of adequate sanctions and are against public policy. Appellants contend that Porter was solely responsible for the mishandling of the bankruptcy cases and that his bad behavior was a direct consequence of his severe depression.  They argue that

3

public policy requires leniency to persons who admit they suffer from depression to avoid a "chilling effect" which will discourage mentally impaired attorneys and their law partners from pursuing rehabilitation.

In support of their position, they cite a sampling of other cases in which sanctions other than those imposed here were found appropriate. This argument has no merit. Some of the alternative sanctions imposed in the cited cases include one to three year total suspensions from the practice of law. Appellants' characterization of these sanctions as less severe than the Bankruptcy Court's order in this case is inaccurate. Myers and Porter are precluded only from practicing before the Northern District of Texas Bankruptcy Court. They can, and the record indicates that they are, continuing to practice law in various other Texas state and federal courts. Further, during the show cause hearing, Appellants repeatedly urged the Bankruptcy Court not to impose monetary sanctions. Although the evidence would have supported such sanctions, the bankruptcy court imposed only non-monetary sanctions closely tailored to deter the specific misconduct involved and to protect future litigants from such violations. We find no abuse of discretion based on public policy or on severity of sanctions.

Next, Appellants portray Myers as without fault and therefore deserving of less severe sanctions than Porter. The Bankruptcy Court considered and rejected this allegation. Myers signed

4

pleadings without complying with her responsibility under Federal Rule of Bankruptcy Procedure 9011 to ascertain the truth of the matters asserted, she had been previously sanctioned for similar problems and she refused to take responsibility for her part in the present problems. Based on the evidence of Myers's personal misconduct in these bankruptcy matters, and the moderate nature of the sanctions imposed, we find no abuse of discretion in the four year suspension from the practice before the Northern District of Texas Bankruptcy Court, and the requirements to submit evidence of her grievance and continuing legal education records for readmittance.

However, we find merit in Myers's objection to the requirement that she demonstrate evidence of her mental stability as a condition for readmittance to the Northern District of Texas bankruptcy bar.[**] There is no evidence in the record that Myers suffers from mental illness. We therefore conclude that the bankruptcy court abused its discretion in imposing a requirement that Myers submit evidence of mental stability as a sanction for her part in mishandling of the bankruptcy cases.

### III. CONCLUSION

With the exception of the "mental stability" requirement for Myers's readmission, we conclude that the sanctions are not against public policy, and are not more severe than necessary. We

---

[**]In light of Porter's depression, appellants do not contest this condition for readmittance as to Porter.

therefore delete the mental stability requirement against Myers, and, finding no other abuse of discretion, affirm the remaining portion of the sanction order.

SANCTIONS MODIFIED, and as modified, AFFIRMED.