**Wanza TURNER as Administrator of The Estate of Jim Turner, Jr., and on Behalf of the Wrongful Death Beneficiaries of Jim Turner, Jr., Namely Herself, Tucumcari Baiseq'Kqwi Turner, A Minor Child, Orricca Venika Tarquie Turner, A Minor Child; By and Through Their Mother Wanza Turner and Jim Turner, III, A Minor, By and Through His Mother, Virginia Hawkins, Plaintiff,**

v.

**FORD MOTOR COMPANY, Eric Knight, John Givens, David Mo, Tom Cheng and Lee McCoy, Jr., Valley Industries, Fulton Manufacturing, Big Boy and Dutton Lainson Company, Ford Motor Company and John Does 1–5, Defendant.**

**Lee McCoy, Jr., Cross–Plaintiff,**

v.

**Ford Motor Company, Eric Knight, John Givens, David Mo, Tom Cheng and Valley Industries, Fulton Manufacturing, Big Boy and Dutton Lainson Company, Ford Motor Company and John Does 1–5, Defendant.**

No. Civ.A. 5:00CV163BN.

United States District Court,
S.D. Mississippi,
Jackson Division.

Oct. 16, 2000.

Deborah McDonald, Natchez, MS, Patricia F. Dunmore, Patricia F. Dunmore, Natchez, MS, for Wanza Turner.

Gregory K. Davis, David, Goss & Williams, Jackson, MS, Halbert E. Dockins, Jr., Law Offices of Halbert E. Dockins Jr., Jackson, MS, H. Lanier Brown,II, D. Alan Thomas, Huie, Fernambucq & Stewart, Birmingham, AL, Mark Douglas Herbert, McGlinchey Stafford, Jackson, MS, for Ford Motor Company.

J. Tucker Mitchell, John E. Gough, Jr., Copeland, Cook, Taylor & Bush, Ridgeland, MS, for David Mo.

L. Clark Hicks, Jr., Lawrence C. Gunn, Jr., Attorney, Hattiesburg, MS, for Tom Cheng.

John D. Brady, McCoy, Wilkins, Stephens & Tipton, Jackson, MS, John E. Mulhearn, Jr., Mulhearn & Mulhearn, Natchez, MS, for Lee McCoy, Jr.

Roger C. Riddick, Upshaw, Williams, Biggers, Beckham & Riddick, Jackson, MS, for Valley Industries.

Robert B. Virden, Campbell, Delong, Hagwood & Wade, Greenville, MS, for Fulton Manufacturing.

## OPINION AND ORDER

BARBOUR, District Judge.

This cause is before the Court on the Motion to Remand filed by Wanza Turner, *et al.* ("Turner Plaintiffs"). Cross–Plaintiff Lee McCoy's motion *ore tenus* to join in the Turner Plaintiff's Motion to Remand was granted by this Court in an Order entered on July 5, 2000. The Court has considered the Motion, Responses, Rebuttals, supporting and opposing authority, and all attachments to each, and finds that the Turner Plaintiffs' Motion to Remand, to which Cross–Plaintiff Lee McCoy has joined, is well taken and should be granted.

The Turner Plaintiffs have also filed a *Motion for Rule 11 Sanctions* against Defendants Ford Motor Company and Fulton Performance Products, and their attorneys, alleging that the Notice to Remove this case to federal court was filed in bad faith. The Court has considered the Motion, Responses, and supporting and opposing authority, and finds that the Turner Plaintiffs' Motion for Rule 11 Sanctions is not well taken and should be denied.

## I. Factual Background and Procedural History

The subject cause of this action is based on a motor vehicle/trailer collision that occurred on June 7, 1998. The parties agree that on the date in question, Defendants Eric Knight ("Knight") and Jim Givens

1. Defendants Valley Industries and Dutton Lainson were voluntarily dismissed from this action.

2. The parties disagree as to whether Knight was actually served with process. *Compare* Turner Plaintiffs' Rebuttal In Support Of Their Motion To Remand, Exhibit 15 (Affidavit of Kelly indicating that he personally served process on Knight on January 7, 2000) *with* Ford's Response To Plaintiffs' Motion For Sanctions, Attachment A (Affidavit of Sinclair indicating that according to records kept in the Circuit Court of Jefferson County, Mississippi, Knight was never properly served).

("Givens") were traveling north on U.S. Highway 61 in Jefferson County, Mississippi. The truck in which they traveled was towing a trailer owned by Defendants Tom Cheng ("Cheng") and David Mo ("Mo"). Defendant Fulton Performance Products ("Fulton") manufactured the coupler on the trailer for Defendant Big Boy Products ("Big Boy").

The trailer apparently disengaged from the hitch ball that secured it to the truck in which Knight and Given traveled and entered the south-bound lane of Highway 61 where it collided with a Ford F–150 pickup traveling south on Highway 61. The Plaintiffs' decedent, Jim Turner, Jr. ("Turner") was a passenger in the F–150 pickup truck. The truck was driven by Lee McCoy, Jr. ("McCoy"). Both McCoy and Turner were injured in the collision, Turner died as the result of the injuries he sustained.

The Turner Plaintiffs filed a wrongful death action in the Circuit Court of Jefferson County, Mississippi on June 4, 1999. The Defendants[1] named in the Complaint are:

| Defendant | Citizenship | Date Process Served |
|---|---|---|
| Ford | Delaware Corporation; Principle Place of Business: Michigan | September 28, 1999 |
| Fulton | Delaware Corporation; Principle Place of Business: Wisconsin | September 28, 1999 |
| Knight | Mississippi | January 7, 2000 [2] |
| Givens | Mississippi | September 28 or 29, 1999 |
| Cheng | Mississippi | September 28 or 29, 1999 |
| Mo | Mississippi | September 28 or 29, 1999 |
| McCoy [3] | Louisiana | September 28 or 29, 1999 |
| Big Boy | Indiana Corporation | Never served process |

For the purpose of responding to the Turner Plaintiffs' Motion to Remand, Ford assumed that Knight was properly served. *See* Response to the Turner Plaintiffs' Motion to Remand, 7 n. 1. The Court will likewise assume that Knight was properly served with process on January 7, 2000.

3. On October 15, 1999, McCoy filed a Cross–Complaint against the Defendants. The Turner Plaintiffs settled their claims against McCoy, and pursuant to a Court Order filed on July 5, 2000, McCoy was realigned as a Plaintiff rather than as a Defendant.

With regard to the Mississippi Defendants, the Turner Plaintiffs and McCoy reached a settlement with Mo on May 19, 2000. *See* Turner Plaintiffs' Rebuttal In Support Of Their Motion To Remand, Exhibit 9 (Letter confirming settlement between Plaintiffs and Mo). After settling with Mo, the Turner Plaintiffs and McCoy continued their efforts to reach a settlement with Cheng. *See Id.,* Exhibit 10 (May 22, 2000, letter to Cheng's counsel confirming rejection of offer to settle); Exhibit 11 (June 30, 2000, letter to Cheng's counsel indicating that the parties had attended a mediation conference regarding the Plaintiffs' offer to settle). A settlement among the Turner Plaintiffs, McCoy and Cheng was reached on June 30, 2000. *See Id.,* Exhibit 12 (June 30, 2000, letter from Cheng's counsel confirming settlement).

Ford filed a Notice of Removal, in which Fulton joined, on July 3, 2000. Ford contends that even though the case was not removable to federal court as initially plead, it became removable pursuant to 28 U.S.C. §§ 1441(a) and 1446(b) when complete diversity was established between the Plaintiffs and remaining Defendants as required by 28 U.S.C. § 1332. Specifically, Ford alleges that the Mississippi Defendants should not be considered for the purpose of diversity analysis because the Plaintiffs have abandoned all claims against Knight and Givens and have settled all claims against Mo and Cheng. *See* Amended Notice of Removal, ¶ 16–19.

The Turner Plaintiffs responded to the Notice of Removal by filing: (1) a Motion for a Temporary Restraining Order and/or Preliminary Injunction and, (2) a Motion to Remand, with this Court on July 5, 2000. After a hearing on the issues, the Court denied the Plaintiffs' Motion for injunctive relief and granted the Defendants' request for additional time to fully brief the issues presented in the Turner Plaintiffs' Motion to Remand. *See* Order of July 5, 2000. The Court also granted McCoy's motion *ore tenus* to join in the Turner Plaintiff's Motion to Remand.

Plaintiffs, in their Motion to Remand, argue that the case was not removable because: (1) the one-year removal period provided under 28 U.S.C. § 1446(b) had expired, (2) all of the Defendants had not been joined in the removal, and (3) the Chancery Court had not yet approved the settlement agreements reached by the parties. McCoy additionally requests attorney fees and expenses pursuant to 28 U.S.C. § 1447(c). The Turner Plaintiffs have also filed a Motion for Rule 11 Sanctions alleging that Defendants Ford and Fulton, in conjunction with their attorneys, filed the Notice of Removal in bad faith and with an improper purpose thereby violating Rule 11 of the Federal Rules of Civil Procedure.

## II. Analysis

### A. Motion to Remand

### 1. Commencement of an Action

Federal district courts have original jurisdiction of civil actions that arise "under the Constitution, laws, or treaties of the United States," *see* 28 U.S.C. § 1331, or in which the "matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between citizens of different States." *See* 28 U.S.C. § 1332. Pursuant to 28 U.S.C. § 1441(a), a "civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant ... to the district court of the United States for the district and division embracing the place where such action is pending." If removal is predicated on diversity of citizenship, "none of the parties in interest properly joined and served as defendants [may be] a citizen of the State in which such action is brought." 28 U.S.C. § 1441(b).

This case was not removable as initially filed in state court because four of the named Defendants were citizens of the State of Mississippi. Ford, however, contends that removal became proper on or about June 30, 2000, when the Plaintiffs entered a settlement with Cheng thereby

dismissing the last Mississippi resident Defendant. Pursuant to 28 U.S.C. § 1446(b):

If a case stated by the initial pleading is not removable, a notice of removal may be filed within thirty days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable except that a case may not be removed on the basis of jurisdiction conferred by [28 U.S.C. § 1332] more than 1 year after commencement of the action.

The first argument raised by the Plaintiffs in their Motion For Remand is that removal of this case was improper because Ford filed the Notice of Removal more than one year after the Complaint was initially filed in state court.

■ The plain language of 28 U.S.C. § 1446(b) provides that a case may not be removed to federal district court on the basis of diversity jurisdiction more than one year after the action is commenced. An action, under both Mississippi and federal law, is commenced "by filing a complaint with the court." *See*, Miss.R.Civ.P. 3(a); Fed.R.Civ.P. 3. Federal District Courts in Mississippi have applied literally the one-year removal period, holding that a case may not be removed on diversity grounds if the Notice of Removal is filed more than one year after the case is commenced in state court. *See, Jenkins v. Sandoz Pharm. Corp.*, 965 F.Supp. 861 (N.D.Miss.1997); *Morrison v. National Benefit Life Ins. Co.*, 889 F.Supp. 945 (S.D.Miss.1995). In the case *sub judice*, the Notice of Removal was filed more than one year after the Plaintiffs' Complaint was filed in state court.

Fulton acknowledges that according to the holdings of federal district courts in Mississippi, an action commences for the purpose of the one-year removal period on the date the complaint is filed. Ford and Fulton, however, urge the Court to reconsider these rulings in light of the recent United States Supreme Court decision in *Murphy Brothers, Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 119 S.Ct. 1322, 143 L.Ed.2d 448 (1999).

In *Murphy Brothers*, the Supreme Court focused on the removal period limitation contained in the first paragraph of 28 U.S.C. § 1446(b) that provides:

The notice of removal of a civil action or proceeding shall be filed within thirty days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based, or within thirty days after the service of summons upon the defendant if such initial pleading has then been filed in court and is not required to be served on the defendant, whichever period is shorter.

The question before the Supreme Court was:

[W]hether the named defendant must be officially summoned to appear in the action before the time to remove [as provided by the first paragraph of 28 U.S.C. § 1446(b) ] begins to run. Or, may the 30–day period start earlier, on the named defendant's receipt, before service of official process, of a "courtesy copy" of the filed complaint faxed by counsel for the plaintiff.

*Id.* at 347, 119 S.Ct. 1322. The *Murphy Brothers* Court applied the "bedrock principle" that "[a]n individual or entity named as a defendant is not obliged to engage in litigation unless notified of the action, and brought under a court's authority, by formal process" and held that "a named defendant's time to remove [pursuant to 28 U.S.C. § 1446(b) ] is triggered by simultaneous service of the summons and complaint, or receipt of the complaint, 'through service or otherwise,' after and apart from service of the summons, but not by mere receipt of the complaint unattended by any formal service." *Id.* at 347–48, 119 S.Ct. 1322.

Ford acknowledges that the *Murphy Brothers* Court only addressed the thirty-

day removal period under 28 U.S.C. § 1446(b). Ford and Fulton, however, argue that the decision in *Murphy Brothers* should be extended to include the one-year removal period contained in the second paragraph of the statute. Additionally, Ford argues that a failure to extend the requirement for service of process to the one-year removal period "would constitute a violation of the defendants' right to procedural due process." Response to Plaintiffs' Motion to Remand, 14. Under the theory proposed by Ford and Fulton, an action would "commence" when the defendant is served with process, not when the complaint is filed in state court. If this theory is applied to the case *sub judice,* removal by Ford on July 3, 2000, would be timely since, even though the case was filed on June 4, 1999, Ford was not served with process until September 28, 1999. The issue to be decided by the Court is whether, for the purposes of the one-year removal period provided in the second paragraph of 28 U.S.C. § 1446(b), an action is commenced by the filing of a complaint in state court or whether service of process is also necessary.

As originally enacted, 28 U.S.C. § 1446(b) provided: "The petition for removal of a civil action or proceeding may be filed within twenty days after commencement of the action or service of process, whichever is later." *See* Act of June 25, 1948, 62 Stat 939, *as amended* 28 U.S.C. § 1446(b). The Court finds that the plain language of the statute indicates that Congress recognized that an action could be commenced in state court before the defendant was served with process. In 1949, 28 U.S.C. § 1446(b) was amended to provide:

> The petition for removal of a civil action or proceeding shall be filed within twenty days[4] after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based, or

within twenty days after the service of summons upon the defendant is such initial pleading has then been filed in court and is·not required to be served on the defendant whichever period is shorter.

> If the case stated by the initial pleading is not removable, a petition for removal may be filed within twenty days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable.

The statute was again amended in 1988 to include the one-year time limitation for removal when the basis of removal is diversity of citizenship pursuant to 28 U.S.C. § 1332. Under the current statute, the one-year period for removal begins to run at the time the action is commenced. *See* 28 U.S.C. § 1446(b).

The 1949 amendment of 28 U.S.C. § 1446(b) was intended to ensure that the defendant had access to the plaintiff's complaint before the twenty, now thirty, day period for removal began to run. *See Murphy Brothers,* 526 U.S. at 351, 119 S.Ct. 1322. In *Murphy Brothers,* the Supreme Court focused on the "receipt through service or otherwise" language contained in the first paragraph of the statute and noted that:

> Nothing in the legislative history of the 1949 amendment so much as hints that Congress, in making changes to accommodate atypical state commencement and complaint filing procedures, intended to dispense with the historic function of service of process as the official trigger for responsive action by an individual or entity named defendant.

*Id.* at 352–53, 119 S.Ct. 1322. By interpreting the "or otherwise" language to require formal service of process on the defendant, the defendant is assured "ade-

---

4. The period for removal was extended from twenty days to thirty days in 1965. *See* Act of September 29, 1965, 79 Stat 887.

quate time to decide whether to remove an action to federal court." *Id.* at 354, 119 S.Ct. 1322.

The thirty-day removal period provided by the first paragraph of 28 U.S.C. § 1446(b) requires a defendant to take affirmative action after determining that the plaintiff has presented a federal question or that there is complete diversity of citizenship as required by 28 U.S.C. § 1332. The defendant, therefore, must have access to the plaintiff's complaint to determine whether either basis for federal jurisdiction, and therefore removal, exists. By requiring the plaintiff to formally serve process upon the defendant before the thirty-day removal period begins to run, the defendant is assured adequate time to examine the issues presented in the case, and the parties involved, before it is barred from removing the action to federal court.

Unlike the thirty-day removal period provided in the first paragraph of 28 U.S.C. § 1446(b) that requires the defendant to take affirmative action, however, the one-year removal period provided in the second paragraph precludes the defendant's ability to so do when federal jurisdiction is based on diversity of citizenship. As such, the procedural due process safeguards assured by formal service of process as regards the thirty-day removal period are not implicated. In other words, this Court finds that the one-year limitation period enacted by Congress in 1988 was not intended to create federal procedural rights. Instead, the statute was amended with the intent to curtail a defendant's right to remove a case to federal court when federal jurisdiction is based on diversity of citizenship. This interpretation is consistent with the legislative history of the 1988 amendment as Congress indicated that the amendment was enacted: "[T]o establish a one-year limit on removal based on diversity jurisdiction as a means of *reducing the opportunity for removal* after substantial progress has been made in state court." H.R.REP. No. 100–889, at 7 (1988), U.S. Code Cong. & Admin.News 1988, p. 5982 (emphasis added).

Additionally, the legislative history of 28 U.S.C. § 1446(b) indicates that Congress amended the statute in 1949 to ensure that the removal statute operated uniformly regardless of "the varying conditions of practice in all the states." *See Murphy Brothers,* 526 U.S. at 352, 119 S.Ct. 1322 (citing S.REP. No. 81–303, at 6 (1949)). If Congress intended the one-year period limiting removal under 28 U.S.C. § 1446(b) to operate uniformly throughout the states, it would have likewise conditioned the start of the one-year removal period upon the defendant's receipt of service of process. Instead, Congress elected to begin the one-year removal period at the time the action is commenced which, as Congress was aware, varied among the states.

The Turner Plaintiffs' Complaint was filed in the Circuit Court of Jefferson County, Mississippi, on June 4, 1999. Pursuant to Rule 3(a) of the Mississippi Rules of Civil Procedure, the filing of the complaint commenced the Plaintiffs' action in state court. Importantly, "[s]ervice of process upon the defendant is not essential to commencement of the action." MISS. R.CIV.P. 3(a) cmt. *See also Euclid–Mississippi v. Western Cas. & Sur. Co.,* 249 Miss. 547, 163 So.2d 676, 682 (1964). Ford filed its Notice of Removal, based on diversity of citizenship, on July 3, 2000. Ford removed the case more than one year after the case was commenced in state court, therefore removal pursuant to 28 U.S.C. § 1446(b) is barred. The Court, having found that the Notice of Removal filed by Ford and Fulton was untimely, will not consider the other grounds raised by the Plaintiffs in support of their Motion to Remand.

**2. Equitable Estoppel**

Ford and Fulton, relying on the opinion of United State Court of Appeals for the Fifth Circuit in *Barnes v. Westinghouse Electric Corp.,* 962 F.2d 513 (5th Cir.1992), argue that the one-year limit for removal

contained in 28 U.S.C. § 1446(b) "is not jurisdictional" and therefore may be waived. *Id.* at 516 (quoting *Nolan v. Boeing Co.,* 919 F.2d 1058, 1063 n. 6 (5th Cir.1990)). District courts of the Fifth Circuit have waived the one-year removal period, thereby allowing a defendant to remove an action to federal court more than one year after the action was commenced in state court, in cases in which the plaintiff has attempted to manipulate the statutory rules governing federal jurisdiction and removal. *See, e.g., Kinabrew v. Emco–Wheaton, Inc.,* 936 F.Supp. 351 (M.D.La.1996) (allowing removal more than one year after the case was commenced in state court because of the plaintiff's bad faith attempt to manipulate the forum by withholding service of process on the defendants during the one-year period); *Morrison v. National Life Ins. Co.,* 889 F.Supp. 945 (S.D.Miss.1995) (holding that the plaintiff was equitably estopped from asserting the one-year limit on removal in a case in which the plaintiff's actions to manipulate the forum were obvious). Ford and Fulton contend that the Turner Plaintiffs should also be estopped from asserting the one-year limit on removal because they engaged in "blatant forum manipulation" by waiting 116 days after the Complaint was filed in state court before serving the Defendants with process.

█ In Mississippi, the five essential elements of an equitable estoppel claim are:

█ Conduct and acts, language or silence, amounting to a representation or concealment of material facts, [2] with knowledge or imputed knowledge of such facts, [3] with the intent that representation or silence, or concealment be

relied upon, [4] with the other's party ignorance of the true facts, and [5] reliance to his damage upon the representation or silence.

*Chapman v. Chapman,* 473 So.2d 467, 470 (Miss.1985). The Court finds that the first element of equitable estoppel is not present in this case. While the Turner Plaintiffs did delay service of process for 116 days, the Court finds that this act is not conduct, language or silence amounting to the concealment of a material fact. As noted in *Jenkins v. Sandoz Pharmaceuticals Corp.,* 965 F.Supp. 861 (N.D.Miss. 1997), the "civil procedure rules do not require that the summons issue simultaneously with the filing of a complaint. In fact, the rules provide for service up to 120 days after the complaint is filed." *Id.,* at 865 n. 4 (citing FED.R.CIV.P. 4(m); MISS.R.CIV.P. 4(h)). The Turner Plaintiffs had summons issued to all but two of the originally named defendants within the 120 day period allowed under Rule 4(h) of the Mississippi Rules of Civil Procedure.[5] As the Turner Plaintiffs effectuated service of process within the time limits prescribed by the Mississippi legislature, the Court finds that the delay of 116 days does not amount to a misrepresentation or concealment of a material fact sufficient to give rise to an equitable estoppel claim under Mississippi law.

### 3. Attorney fees and Costs

█ McCoy seeks reasonable costs and attorney fees incurred as a result of the actions taken by Ford when it removed this case to federal court. *See* 28 U.S.C. § 1447(c) (providing that "[a]n order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of

---

5. This Court was unable to find any evidence that Defendant Big Boy had ever been served with process. The Turner Plaintiffs allege that because they were unable to find Defendant Knight within the 120–day period allowed by the Mississippi Rules of Civil Procedure, they were granted an additional sixty days to effectuate service of process on September 30, 1999. Knight was apparently served with process on January 7, 2000. If Knight was served process on January 7, 2000, he would have been served after the sixty-day extension had expired. The record does not indicate that the Turner Plaintiffs requested, or were granted, additional time in which to serve Knight after the sixty-day extension period expired.

the removal."). A district court, in its discretion, may award attorney fees and costs "only if it was improper for the defendant to remove" the case to federal court. *Miranti v. Lee,* 3 F.3d 925, 929 (5th Cir.1993). *See also, Ferguson v. Security Life of Denver Ins. Co.,* 996 F.Supp. 597, 604 (N.D.Tex.1998) (holding that "[t]he propriety of removal is central to the determination of whether to imposes fees."). The Court concludes that Ford did not act improperly when it removed this case to federal court, and therefore denies McCoy's request for attorney fees.

Ford removed this case pursuant to 28 U.S.C. §§ 1441(a) and 1446(b). The Court ultimately concluded that removal was barred by the one-year time limitation provided in the second paragraph of 28 U.S.C. § 1446(b). This Court, however, finds that the argument made by Ford and Fulton to extend the recent Supreme Court decision in *Murphy Brothers v. Michetti Pipe Stringing, Inc.,* 526 U.S. 344, 119 S.Ct. 1322, 143 L.Ed.2d 448 (1999), to include the one-year removal period, constituted a good faith argument to extend existing law.

■ Additionally, under Fifth Circuit precedent, "[when] a plaintiff by his voluntary act[s] has definitely indicated his intention to discontinue the action as to all non-diverse defendants, the case then becomes removable." *Rawlings v. Prater,* 981 F.Supp. 988, 989 (S.D.Miss.1997) (quoting *Aydell v. Sterns,* 677 F.Supp. 877, 880 (M.D.La.1988)). Ford and Fulton allege that the Plaintiffs in failing to (1) secure default judgments against the Mississippi defendants who had been served but failed to answer the Complaint, (2) state substantive claims against Knight and Givens as evidenced by the Pre–Trial Order and proposed jury instructions, and (3) include Knight and Givens the Certificates of Service in documents filed with the court, evidenced their intent to voluntarily abandon the claims against Givens and Knight. *See* Response To Plaintiffs' Motion to Remand, 3, 7 & Exhibits "A" (Pre–Trial Order) and "B" (Proposed Jury Instructions). Without deciding the issue of whether the Plaintiffs abandoned their claims against Givens and Knight, the Court finds that Ford and Fulton presented sufficient evidence on which a reasonable, good faith argument could be made that the claims were abandoned. As such, Ford did not act improperly when asserting that the claims against Givens and Knight were abandoned.

Finally, the Turner Plaintiffs and McCoy reached settlements with Mo on May 19, 2000, and with Cheng on June 30, 2000. Ford and Fulton allege that in reaching these settlements, the Plaintiffs definitely indicated their intent to discontinue the action as to these non-diverse Defendants, and therefore the case became removable. *See Rawlings,* 981 F.Supp. at 989. The Plaintiffs, however, contend that because the settlement involved claims brought by minors, chancery court approval was necessary before the settlement could become final. *See Mississippi State Bar Ass'n v. Moyo,* 525 So.2d 1289, 1295 (Miss.1988) (holding that "[t]o make a compromise settlement by a guardian effective against their wards in any case the judicial sanction thereof must be upon a real and not a perfunctory or merely formal hearing."). *See also* Miss.Code Ann. § 93–13–211 (1972) (providing that the chancery court must fully investigate and satisfy itself by evidence "that the proposed sum of money to be paid, either as liquidated or unliquidated damages because of any claim of said ward ... is a fair settlement of the claim of said ward, and that it is to be the best interest of said ward that said settlement be made ...").

The Court was not directed to, nor could it find, Fifth Circuit precedent indicating that a settlement entered between a minor plaintiff and resident defendant must be must approved in chancery court before the resident defendant may be disregarded for purposes of diversity analysis. The Court finds, without deciding the issue of whether Chancellor approval is necessary in the situation presented, that Ford

raised a novel question not yet addressed by courts in the Fifth Circuit. Therefore, Ford did not act in bad faith when it asserted that removal was proper because the claims against Mo and Cheng had been settled. Although the Court has granted the Plaintiffs' Motion to Remand, it finds that Ford did not act improperly when it filed its Notice of Removal with this Court. The request for attorney fees and costs pursuant to 28 U.S.C. § 1447(c) is therefore denied.

## B. Rule 11 Sanctions

Pursuant to Rule 11 of the Federal Rules of Civil Procedure, "the district court has broad discretion to impose sanctions that are reasonably tailored to further the objectives of Rule 11. Proper objectives of Rule 11 sanctions are to deter, to punish and to compensate opposing parties." *In re Dragoo*, 186 F.3d 614, 616 (5th Cir.1999) (quoting *American Airlines Inc. v. Allied Pilots Ass'n*, 968 F.2d 523, 533 (5th Cir.1992)). Fifth Circuit precedent "does not allow the imposition of Rule 11 sanctions merely for the eventual failure of a claim; rather, sanctions are to be applied only where, at the time of the filing, the position advocated is unwarranted." *Matta v. May*, 118 F.3d 410, 415 (5th Cir.1997).

The Court finds that Ford did not act with an improper purpose when it filed its Notice of Removal to federal court. As discussed above, the Court finds that Ford presented sufficient factual evidence to support the claims raised in the Notice of Removal. Additionally, even though the Court has refused to extend the decision of the United States Supreme Court in *Murphy Brothers v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 119 S.Ct. 1322, 143 L.Ed.2d 448 (1999) to include the one-year limitation period contained in the second paragraph of 28 U.S.C. § 1446(b), the Court finds that the Notice of Removal filed by Ford presented a good faith argument for the extension of that decision. Having found that none of the Rule 11(b) of the Federal Rules of Civil Procedure standards have been violated, the Court denies the Turner Plaintiffs' Motion for Rule 11 sanctions.

## III. Conclusion

Pursuant to the Memorandum Opinion issued this day:

IT IS THEREFORE ORDERED that the Turner Plaintiffs' Motion to Remand [4-1], to which Plaintiff McCoy has joined, is hereby granted. This case will be remanded to the Circuit Court of Jefferson County, Mississippi, with the parties bearing their own costs.

IT IS FURTHER ORDERED that Turner Plaintiffs' Motion for Rule 11 Sanctions [17-1] and Amended Motion for Rule 11 Sanctions [18-1] are not well taken and are hereby denied.