United States Court of Appeals
Fifth Circuit

**F I L E D**

**January 14, 2005**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

No. 04-30670
Summary Calendar

IN RE: CLARENCE T. NALLS, JR.,

                              Respondent - Appellant.

Appeal from the United States District Court
For the Middle District of Louisiana
USDC No. 3:04-MC-18-B

Before REAVLEY, JOLLY, and HIGGINBOTHAM, Circuit Judges.

PER CURIAM:[*]

    Clarence T. Nalls, Jr., argues on appeal that the district court abused its discretion by imposing on him an 18-month suspension from practicing law before the U.S. District Court for the Middle District of Louisiana.  We affirm.

    First, Nalls fails to provide a transcript of the show cause hearing.  Therefore, we dismiss his appeal insofar as he argues (i) that the evidence was insufficient and (ii) that the judge who

_____

    [*]Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

presided over the show cause hearing found that Nalls had not intentionally filed a frivolous lawsuit.[1]

Furthermore, each of Nalls's additional arguments also fails. Nalls's assertion that there is no legal authority to impose a suspension of the practice of law is without merit.[2] As we have noted, "[i]t is beyond dispute that a federal court may suspend or dismiss an attorney as an exercise of the court's inherent powers."[3] Given the well-established power of a court to suspend attorneys from practicing before it, insofar as Nalls is challenging the Order to Show Cause as insufficient notice, his argument still fails. Although the OSC in this case did not specifically mention the possibility of a suspension, nor did it specify any particular Rule of Professional Conduct that was breached, it did give reasonable notice.[4] The OSC reads: "IT IS

---

[1] *See Richardson v. Henry*, 902 F.2d 414, 416 (5th Cir. 1990) (noting, in context of an appeal of the sufficiency of the evidence, "[t]he failure of an appellant to provide a transcript is a proper ground for dismissal of the appeal").

[2] *Crowe v. Smith*, 151 F.3d 217, 230 (5th Cir. 1998) ("[T]he imposition of disciplinary sanctions [such as a suspension] itself implicates an independent and fundamental duty of the district court--the supervision of the attorneys who practice as members of its bar . . . .").

[3] *Resolution Trust Corp. v. Bright*, 6 F.3d 336, 340 (5th Cir. 1993).

[4] *See Sealed Appellant 1 v. Sealed Appellee 1*, 211 F.3d 252, 254 (5th Cir. 2000) ("It is well settled in this Circuit that while in disbarment proceedings, due process requires notice and an opportunity to be heard, only rarely will more be required.").
Although we have upheld suspensions in cases where the "district court judge ordered the two to show cause why they should

2

ORDERED that Mr. Clarence T. Nalls . . . show cause . . . why

sanctions should not be imposed against him personally, under Fed.

Rule Civ. P. 11, 28 U.S.C. § 1927, and the inherent powers of the

court . . . ."[5]  It goes on to detail the objectionable behavior

potentially giving rise to sanctions.[6]

AFFIRMED.

---

not be suspended from the practice of law before the district court
for a period of one year," *id.*, we have also done so in apparent
disregard for the specific mention of a suspension in the OSC, *see,
e.g*, *Matter of Dragoo*, 186 F.3d 614, 615 (5th Cir. 1999).

[5] The phrases "show cause" and "why sanctions should not be
imposed against him personally" were emphasized in bold in the
original.

[6]The OSC alleges that Nalls has engaged in
conduct unreasonably and vexatiously multiplying these
proceedings; and for submitting pleadings, motions and other
papers that: (i) caused unnecessary delay and needlessly
increased the cost of litigation; (ii) set forth claims and
legal contentions that were not warranted by existing law or
by a nonfrivolous argument for the extension, modification or
reversal of existing law; and (iii) contained allegations and
other factual contentions lacking evidentiary support.

3